KUYKENDALL, use of MIDDLETON, PERRY & CO. vs. McDONALD & VINEYARD.

1. The continued possession of personal property, after the sale of it, is presumptive evidence of fraud, and becomes conclusive, unless the vendee shows that the sale was made in good faith, and without any intent to defraud creditors.

2. In all cases arising under the 10th section of the act concerning fraudulent conveyances, the jury are the triers whether the transaction is fraudulent or not. In determining this question, they should not be satisfied with the mere absence of direct evidence of a fraudulent intent, in connection with proof a valuable consideration. They should be satisfied that there was some good and sufficient reason for leaving the property in the possession of the vendor.

3. In order to take a sale of goods out of the statute, it must not only be for a valuable consideration, but also bona fi:le.

4. A debtor may give a preference to a particular creditor, or set of creditors, by a direct payment or assignment, if he does so in payment of his or their just demands, and not as a mere screen to secure the property to himself. The pendency of another creditor's suit is immaterial, and the transaction is valid, though done to defeat that creditor's claim.

5. A monied consideration for an assignment of goods much disproportioned to their value, would not take a case out of the statute. The consideration must be adequate. Not that courts will weigh the value of the goods sold and the price received in very nice scales, but, all cirsumstances considered, there should be a reasonable and fair proportion between them.

6 .The law not requiring absolute bills of sale of personal property to be recorded, the placing them upon record being an unauthorized act, avails the parties nothing.

## ERROR to Platte Circuit court.

Leonard, for plaintiff in error.

1. A failing debtor may lawfully give a preference in the payment of his debts, and such a disposition is valid, although the debtor's object in giving the preference is to exclude from any share in his property, his unpreferred creditors, and therefore the court erred in refusing the plaintiff's 3rd, 11th and 12th instructions.

Kuykendall, use of Middleton, Perry & Co. vs. McDonald & Vineyard.

2. A valuable consideration is not such a consideration only as is equal to the value of the property sold. It is a valuable consideration, although less than the actual value of the property sold, and upon this ground, the plaintiff's 7th instruction ought to have been given.

3. The 10th section of our statute against fraudulent conveyance provides four things; First: That the vendor's remaining in possession shall raise a presumption of fraud against the conveyance. Second: That this presumption shall stand until it is rebutted by proof that the conveyance is honest. Third: That the burthen of showing the honesty of the conveyance, shall rest upon those who claim under it, and, fourth, That this question shall be a question of fact to be submitted to and passed on by the jury; and, upon this construction of the statute, the court erred in refusing the plaintiff's 6th and 10th instructions, and in giving the defendant's 5th instruction: Hanford vs. Archer, 4 Hill's (N. Y.) Rep. 272; see opinion of C. Justice Nelson, Doan vs. Eddy, 16 Wend. Rep. 528.

4. The defendant's 7th instruction is too broad. If the sale were upon any secret trusts for the benefit of the grantor, it is of course fraudulent and void. But the instruction goes beyond this, it sets the jury to guessing whether the vendor was to derive any other advantage from it than the payment of his debts, and declares if he did, the conveyance is void.

5. The defendant's second instruction ought not to have been given.

HAYDEN & GARDENHIRE, for defendants in error.

1. The circuit court did not err, either in giving the instructions prayed for by the defendants, or in refusing those which were rejected that were moved by the plaintiff: Digest '44–5, p. 528, section 10; 12 Wend. 297; 16 Wend. 523; 17 Wend. 53; 2 Kent's Com. 530.

2. The court very properly refused to set aside the non-suit and grant the plaintiffs a new trial upon their motion to the court therefor.

SCOTT, J., delivered the opinion of the court.

McDonald, the defendant, having obtained a judgment against William G. Burnes and John S. Light, levied his execution upon property in the possession of Light. Thereupon, Middleton, Perry & Co., claimed the property, and demanded an inquisition by the sheriff to ascertain its ownership. Middleton, Perry & Co., having obtained a verdict, McDonald, the plaintiff in the execution against Burnes & Light, (but defendant here) then gave to the sheriff a bond of indemnity, and required him to sell the property levied on. This was accordingly done, and this suit was brought to the use of Middleton, Perry & Co., the successful claimants of the property, seized under execution, in the name of James Kuykendall, to whom, as sheriff, the bond was executed.

The defence to this action was, that the conveyance of the property to Middleton, Perry & Co., executed by Light to them, and under which they claimed, was void, being made to hinder and delay his creditors. In consequence of the directions of the court below, the plaintiff

took a non-suit, and after an unsuccessful motion to set it aside, sued out a writ of error from this court.

Middleton, Perry & Co., claimed the property levied on by virtue of a conveyance made by Light, the 6th April, 1846, and recorded. The debt due by Light to McDonald, on which there were judgment and execution, was payable the 3rd June, 1845. The property levied on, and other property not taken by the sheriff, were conveyed to Middleton, Perry & Co., for the consideration of $1500, as expressed in the deed. Light also executed to Middleton, Perry & Co., a deed for two hundred and forty acres of land, in consideration of the sum of $1000. The land was public land, and in the opinion of some of the witnesses, not worth more than the government price, though at the trial it was proved to be then worth $1200. The property mentioned in the first deed was, at the time of sale, delivered to Middleton, Perry & Co., and immediately restored to Light, who also continued in possession of the land conveyed. There was evidence conducing to show, that the property conveyed by Light was worth much more than was paid for it. The property levied on by the sheriff was found in the possession of Light. Evidence was produced, showing that Light was indebted to Middleton, Perry & Co., in a considerable sum, at the time of the conveyances, and of their assuming to pay, and paying debts, due by him to others for a large amount.

It would be an endless task to copy and review all the instructions that were given and refused on the trial of this cause, and it is not deemed necessary, as the argument in this court was confined singly to the question, whether the remaining in possession by the vendee, after an absolute sale of personal property is fraud per se, and so to be declared by the court as a matter of law; or whether under the 10th section of the act concerning fraudulent conveyances, it only creates a presumption of fraud, which may be repelled by evidence satisfactory to the jury, that the sale was made in good faith and without any intent to defraud creditors.

This revives the old question, whether the continuing in possession of personal property after a sale is a fraud in law, and so to be declared by the court; or whether it is a fact to be put to the jury as evidence of fraud, who are the triers whether the transaction is fraudulent or not. The contrariety of opinion entertained by different courts, and the conflicting views in the same courts in relation to this question, induced the legislature, at the late session, to interfere and settle it definitely. It was hoped this had been done, and that the matter would not be again agitated. The 4th section of the act referred to, prescribes how

gifts of goods may escape the imputation of fraud, resulting from a want of possession in the donee. The 8th sections shows how deeds of trust and mortgages, affected with a charge of fraud, growing out of the want of possession in the mortgagee and trustee, may avoid a like imputation. But the case of an absolute sale, with possession continuing in the vendor, stood on different considerations, and no provision was made for its protection. It was made a presumption of fraud, and a conclusive one, unless the jury was satisfied that it was made in good faith, without any intent to defraud creditors. The 10th section of the act was borrowed from the code of New York. The section, however, in that code, did not contain the words, "to the jury," and their omission continued the old controversy, whether fraud was a question of law for the determination of the court, or a question of fact to be submitted to a jury. It was to settle this controversy that the words "to the jury" were inserted in our statute, and it is submitted that their insertion leaves no doubt but that in all cases arising under the 10th section, the jury are the triers whether the transaction is fraudulent or not. The continued possession after the sale, is presumptive evidence of fraud, and it becomes conclusive, unless the vendee shows that the sale was made in good faith, and without any intent to defraud creditors. The possession in the vendor is all that need be shown, in the first instance, by the creditor contesting the validity of the transaction; and that being shown, the statute presumes it to be fraudulent; then the onus is thrown on the claimant of the property under the sale, to show from all the circumstances surrounding the transaction its true character, in order to repel the presumption of fraud; and if he fails in his evidence to show that the sale was made in good faith, without any intent to defraud creditors, the presumption of fraud first raised by the law becomes conclusive evidence of the fact. In determining this question, the jury should not be satisfied with the mere absence of direct evidence of a fraudulent intent, in connection with proof of a valuable consideration. They should be satisfied that there was some good and sufficient reasons for leaving the property in the possession of the vendor. An agreement to permit a vendor to remain in possession of goods, after an absolute sale, is not the common course of business. It must therefore excite suspicion, and the interests of creditors, in all such cases, imperiously require that the vendee clearly explain how an absolute sale could have been bona fide, and yet the vendor retain the use and possession of the property sold.

In order to take a sale of goods out of the statute, it must not only be for a valuable consideration, but also bona fide; as if one knowing of a

judgment and execution against another, goes and purchases his goods, in order to defeat the execution; although he may take possession, yet the sale will be judged fraudulent because his purpose is iniquitous. 1 Bur. 474. But cases of this kind should not be confounded with those which only amount to a giving of preference to one creditor over another. A debtor may give a preference to a particular creditor, or set of creditors, by a direct payment or assignment, if he does so in payment of his or their just demands, and not as a mere screen to secure the property to himself. The pendency of another creditor's suit is immaterial, and the transaction is valid, though done to defeat that creditor's claim. 5 Tenn. R. 235; 3 M. & S. 371.

In the many cases which have lately came up, arising under the statute concerning fraudulent conveyances, a great deal has been said about "a valuable consideration." Certainly a monied consideration for an assignment of goods, much disproportioned to the value of goods assigned, would not take a conveyance out of the statute. The consideration must be adequate. Not that courts will weigh the value of the goods sold and the price received in very nice scales, but all circumstances considered, there should be a reasonable and fair proportion between the one and the other. Cases in which the question of inadequacy of consideration arises between the grantor and grantee of a deed, where suit is instituted for the purpose of setting aside the grant on the ground of imposition, are not applicable in determining a question of the fairness of a consideration between a vendee and creditor under the statute concerning fraudulent conveyances. What inadequacy of consideration would induce a court to set aside a conveyance at the instance of the grantor, on the ground of imposition, is an entirely different question from that degree of inadequacy which would avoid an assignment on the ground of fraud in a suit by a creditor or purchaser against the assignee. Inadequacy of price, when unreasonable, is evidence of a secret trust, and it is prima facie evidence that a conveyance is not bona fide if it is accompanied with any trust. 3 Met. 332, Troyne's case. The law will not suffer a creditor, although he may have a just demand against his debtor, to use that debt as a screen to protect the debtor's estate from his other creditors, when that estate exceeds much in value the amount of the debt. When a creditor, by fraud, will attempt to defeat the claims of other creditors, there is no hardship in postponing his demand, although a just one, to those which he has endeavored to defeat.

The law not requiring absolute bills of sale of personal property to be

recorded, the placing them upon record being an unauthorised act, avails the parties nothing.

The other judges concurring, the judgment will be reversed and the cause remanded.