## Shelley et al., *Appellants,* v. Boothe.

**Fraudulent Conveyances**: PREFERENCE AMONG CREDITORS. It is no objection to the validity of a conveyance by a debtor to his creditor that it operates to hinder and delay other creditors, that it was made with the intent on the part of the debtor that it should so operate, and that the creditor receiving it was aware of that intent, provided he received it with the honest purpose of securing his debt. But if he acted from a desire to aid the debtor in defeating other creditors, or in covering up his property, or in giving him a secret interest therein, or in locking it up in any way for the debtor's own use and benefit, the conveyance will be held fraudulent and void.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*T. A. Gill* for appellants, cited Bump Fraudulent Conveyances, pp. 220, 221; *Dana v. Stanfords,* 10 Cal. 269; *Sibly v. Hood,* 3 Mo. 290; *Murray v. Cason,* 15 Mo. 378; *Chase v. Walters,* 28 Iowa 460; *Durkee v. Chambers,* 57 Mo. 575; *Uhler v. Maulfair,* 23 Pa. St. 481, (overruling 13 Pa.

St. 584;) *State v. Laurie*, 1 Mo. App. 371; *Gates v. La-beaume*, 19 Mo. 29; *Worland v. Kimberlin*, 6 B. Mon. (Ky.) 608, 609; *Banfield v. Whipple*, 14 Allen 13; 30 Conn. 15; *Funk v. Staats*, 24 Ill. 632; *Kuykendall v. McDonald*, 15 Mo. 416, 420; *Ford v. Williams*, 3 B. Mon. (Ky.) 550.

*Karnes & Ess* for respondent, cited *Henderson v. Henderson*, 55 Mo. 534; *Ames v. Gilmore*, 59 Mo. 537; *Drury v. Cross*, 7 Wall. 299; *Tompkins v. Wheeler*, 16 Peters 106; *Johnson v. Sullivan*, 23 Mo. 474; *State v. Benoist*, 37 Mo. 500; *Johnson v. Whitwell*, 7 Pick. 71; *Edrington v. Rogers*, 15 Texas 188; *Bunn v. Ahl*, 29 Pa. St. 387; *White v. Graves*, 7 J. J. Marsh. 523.

NORTON, J.—This is an action for the recovery of the possession of a stock of goods, on the trial of which defendant obtained judgment, from which the plaintiffs have appealed. The stock of goods in question had been seized by defendant, Boothe, as sheriff of Jackson county, by the levy of a writ of attachment sued out at the instance of J. W. Wood & Co., creditors of the firm of Woy & Smith, as the property of said Woy & Smith. Plaintiffs, after the goods were thus seized, brought this suit and replevied the goods so levied upon. Plaintiffs base their claim to the goods on the ground that Woy & Smith, before the levy of the attachment sued out by Wood & Co., had transferred the goods in payment of the debts of certain of their creditors, of whom plaintiffs were one, and that under this transfer the goods had been sold and bought by plaintiffs and the proceeds applied to the payment of the debts of Woy & Smith. The defendant, on the other hand, claims that said transfer was made by said Woy & Smith with the intent and for the purpose of hindering, delaying and defrauding said Wood & Co. in the collection of their debt against said Woy & Smith, for the collection of which they had a suit pending at the time of said transfer, and that plaintiffs accepted the goods with knowledge of these

facts. The contest is virtually between two creditors of Woy & Smith, and the evidence adduced on the trial tended to establish each one of the above theories, and the only question presented for our determination is, whether the court in giving instructions properly declared the law.

The instructions given on behalf of plaintiffs recognize to the fullest extent the doctrine that the debtor has a clear and undisputed right to prefer one creditor to another, and apply his property to the payment of one set of creditors to the exclusion of other creditors, and when this is done in payment of *bona fide* debts the transaction will be upheld, although in doing so the act of the debtor had the effect, and it was his intention, to defer or hinder another creditor, who at the time had a suit pending against him. While the instructions given on behalf of the plaintiffs covered their theory of the case, those given for defendant, especially the third, which authorized the jury to find for the defendant if they believed that at the time the goods were transferred, plaintiffs were aware of the fact that it was the intention of Woy & Smith, in making it, to hinder and delay Wood & Co. in the collection of their debt, go farther, we think, than the law warrants. The third instruction is as follows: "If Woy & Smith, in making the conveyance of the goods in suit, intended to delay J. W. Wood & Co., their creditors, and if the plaintiff, either by himself or his agent present at the sale, was aware of such intent, then you will find for the defendant."

There is a class of cases to which the doctrine asserted in the instruction applies; as, if one knowing of judgment and execution against another, goes and purchases his goods in order to defeat the execution, or if one knowing that a debtor is selling his property to hinder, delay or avoid the payment of his debts, buys it, and pays the full value of it, thereby enabling the debtor to carry out his fraudulent design, such sales will be adjudged fraudulent because the purchaser becomes a participant in the iniquit-

ous purpose of the debtor. But cases of this kind should not be confounded with those which only amount to giving a preference of one creditor over another. A debtor may give a preference to a particular creditor or set of creditors by a direct payment or assignment, if he does so in payment of his or their just demands, and not as a mere screen to secure the property to himself. The pendency of another creditor's suit is immaterial, and the transaction is valid though done to defeat that creditor's claim. *Kuykendall v. McDonald*, 15 Mo. 416; *Murray v. Cason*, 15 Mo. 415; *State v. Benoist*, 37 Mo. 500; Bump on Fraud. Con. 350, 351; *Potter v. McDowell*, 31 Mo. 74. The right of a debtor to prefer one creditor over another necessarily implies the right of such creditor to accept such preference. While the effect of such preference must, to the extent that it is made, necessarily be to defer or to hinder or delay other creditors, the mere knowledge of the preferred creditor that such will be its effect, and the debtor intended it should have that effect, will not be sufficient to avoid the transaction as to a creditor not preferred. But if in such case it further appears from the circumstances attending the transaction that the preferred creditor was not acting from an honest purpose to secure the payment of his own debt, but from a desire to aid the debtor in defeating other creditors, or in covering up his property, or in giving him a secret interest therein, or in locking it up in any way for the debtor's own use and benefit, he will not be protected, and the sale would be fraudulent as to other creditors, because in such cases the fraud of the debtor becomes the fraud of the preferred creditor because of his participancy therein. Judgment reversed and cause remanded, in which all concur.