McVeagh v. Baxter.

McVEAGH *et al.*, *Appellants*, v. BAXTER *et al.*; CURTISS, *Inter-pleader.*

**Fraudulent Sale**: CREDITOR: DEBTOR. A creditor cannot purchase the goods of his debtor at a price in excess of his debt, when he knows that the excess so paid such debtor is by the latter to be placed beyond the reach of his other creditors. Such purchaser is a participant in the fraud of his debtor, whether his purpose be to aid him or not.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK,. Judge.

REVERSED.

*Karnes & Ess* for appellants.

Instruction number two given for the interpleader,. Curtiss, is in direct conflict with numbers one and four, given for the plaintiffs in the attachment. If one, knowing that a debtor is selling his property to hinder, delay or avoid the payment of his debts, buys it, and pays the full value for it, such sales will be adjudged fraudulent. *Shelley v. Boothe*, 73 Mo. 74 ; Bump on Fraud. Con., (3 Ed.) pp. 199, *et seq ;* *Clements v. Moore*, 6 Wall. 299 ; *Fishel v. Lockard*, 52 Ga. 632 ;· *Christian v. Greenwood*, 23 Ark. 258 ;. *Weisiger v. Chisholm*, 22 Tex. 670 ; *Gardinier v. Otis*, 13. Wis. 460 ; *Harrison v. Jaquess*, 29 Ind. 208 ; *State to use*,. *etc., v. Estel*, 6 Mo. App. 6. It is not necessary that the purchaser should have meant to aid and assist the debtor in defrauding his other creditors. If he knew that such was his purpose and design in transferring the property, that is sufficient. The creditor will be permitted, if necessary, to take to himself the entire property of the debtor to secure his debt, even though the debtor declare his intention in making such a transfer to be to hinder and delay other creditors.

*Lathrop & Smith* for respondent.

(1) The first instruction given for the interpleader is a correct declaration of the law. *State to use, etc., v. Laurie,* 1 Mo. App. 370; *Forrester v. Moore,* 77 Mo. 651; *Thornton v. Tandy,* 39 Tex. 544. (2) It was. not error to give the second instruction for the interpleader. *Little v. Eddy,* 14 Mo. 160; *State to use v. Laurie, supra; Shelley v. Boothe,* 73 Mo. 74; *Gaff v. Stern,* 12 Mo. App. 115; *Forrester v. Moore, supra; Dudley v. Danforth,* 61 N. Y. 626. (3) Under the facts of the case the fifth instruction for the interpleader was entirely proper. *Beurmann v. Van Buren,* 44 Mich. 496; *State to use v. Laurie, supra; Gaff v. Stern, supra; Forrester v. Moore, supra.* Plaintiffs' instructions numbered one and four, ought not to have been given. But the verdict having been against plaintiffs in the face of instructions far more favorable to them than the law would warrant, they cannot be heard to complain because they were given, or because they were inconsistent with others which properly declared the law. *Thornton v. Tandy, supra; Little v. Eddy,* 14 Mo. 160, 164; *Smith v. City of St. Joseph,* 45 Mo. 449, 452.

HENRY, J.—The defendants, Baxter & Tuttle, were retail grocery merchants in Kansas City, and on December 7th, 1880, owed Curtiss $605 for borrowed money, and a firm in which Curtiss had an interest, $630 for merchandise. They also owed one Tomlinson $150, and Lathrop & Smith, attorneys, $100 for professional services. They were also indebted to the plaintiffs in the sum of $1,260. Baxter & Tuttle were insolvent, and Curtiss, in order to secure the debt they owed him, on the 7th day of December, 1880, purchased their stock of goods at the price of $2,485, which was paid by receipting to them for the amount they owed him and the firm in which he was concerned, by the assumption of Tomlinson and Lathrop & Smith's debts and payment of $500 to each of defendants.

Plaintiffs sued Baxter & Tuttle in attachment, and Curtiss filed an interplea, claiming the property in question upon which the officer had levied the attachment. On this interplea there was a trial, which resulted in a verdict for the interpleader and a judgment accordingly, from which this appeal is taken.

The evidence in behalf of the interpleader tended to prove that his object in buying the property was to secure his debt, and that he would not otherwise have made the purchase; that the price paid was a fair valuation of the goods, and that there was no intention on his part to hinder or delay other creditors, or to place beyond their reach the $1,000 cash paid to Baxter & Tuttle. On the other hand evidence adduced by plaintiffs tended to prove that Batxer & Tuttle sold to Curtiss, not only for the purpose of preferring him, Lathrop & Smith, Tomlinson and Sauer & Co., the firm in which Curtiss was concerned, but, also, for the further purpose of securing to themselves the $1,000 paid to them and placing it beyond the reach of their other creditors, and that Curtiss had knowledge of such purpose.

The court gave, at the instance of the interpleader, the following instruction, among others:

2. Even though the jury may believe from the evidence that Baxter & Tuttle may have intended to hinder, delay or defraud their creditors by the sale of the goods in controversy to Curtiss, yet such intention does not affect the rights of Curtiss under said sale, unless the jury further find that said Curtiss, knowing such intention on the part of Baxter & Tuttle, meant by such purchase to aid and assist said Baxter & Tuttle in so hindering, delaying or defrauding their creditors, and not merely to honestly secure his own debt.

Instructions were also given at the instance of plaintiffs, to the effect that if Baxter & Tuttle had a purpose in making the sale to Curtiss to place the $1,000 beyond the reach of their other creditors, and Curtiss had knowledge that such was their purpose, the sale was void. There was a

palpable conflict between the latter and the former, which declared in effect that before the jury could find the sale fraudulent they should not only find that Curtiss knew of the fraudulent intent of Baxter & Tuttle, but, also, that he meant by such purchase to aid and assist them in effecting that purpose, while by the latter instruction they were told that if Curtiss had knowledge that such was their purpose the sale was void.

Respondents' attorneys rely upon *Shelley v. Boothe*, 73 Mo. 74, and *Forrester v. Moore*, 77 Mo. 651, as enunciating the doctrine declared in the first of the above instructions. On a careful examination of these cases it will be found that they sanction no such principle in a case like the one at bar. In *Shelley v. Boothe*, Way & Smith had transferred their goods in payment of the debts of certain of their creditors, and under that transfer they had been sold and bought by plaintiffs, and the proceeds applied to the payment of Way & Smith's debts. The defendant had a suit pending against Way & Smith at the time of the transfer, and plaintiffs had knowledge of the pendency of that suit at the time of the transfer, and purchased with knowledge of the facts. One of the instructions given in that case was that: " If Way & Smith, in making the convey- ance of the goods in suit, intended to delay J. W. Wood & Co., their creditors, and if the plaintiff     *     *     was aware of such intent," the verdict should be for the defendant. The court recognized the right of a debtor to prefer one or more crreditors, and that the fact that one creditor had a suit pending against the debtor, did not interfere with this right, the exercise of which would necessarily hinder and delay the creditor who had sued, even though the intent of the debtor, known to the purchaser, was to hinder and delay the suing creditor. The case lacks one essential feature to make it bear a resemblance to this. All the money paid for the goods there was appropriated to payment of the debtors' debts. But suppose that a creditor to the amount of $100 should purchase his

debtor's stock of goods worth $1,000, paying him in cash the difference, $900, with knowledge that another creditor had a suit pending against the debtor for $500, and that the debtor intended to appropriate to his own use the $900 so paid, will it be insisted that *Shelley v. Boothe* upholds such a transaction as *bona fide?* If such be the law, then a creditor to the amount of $10 can purchase his debtor's goods of the value of $1,000, with knowledge that the latter intends, instead of appropriating the money to the payment of his debts, to place it beyond the reach of his creditors. There is no honesty or good faith in such a transaction. The creditor who purchases under such circumstances is a participant in the fraud of his debtor. Whether his purpose be to aid him or not, he does, from the very nature of the transaction, aid him in perpetrating the fraud he contemplates.

There is no analogy between this and the case of *Shelley v. Boothe, supra.* In that case it is observed that: "There is a class of cases to which the doctrine asserted in the instruction applies.     *     *     But cases of this kind should not be confounded with those which only amount to giving a preference to one creditor over another."

Judgment reversed and cause remanded.