## FREDERICK V. ALLGAIER *et al., Appellants.*

1. **Practice in Supreme Court.** The Supreme Court will not disturb a verdict on the issue of the *bona fides* of a sale of personal property where the evidence thereon is conflicting.

2. **Evidence.** Evidence having no bearing on the question at issue should not be admitted.

3. **Sale:** FRAUD ON CREDITORS. A sale of goods is invalid as against creditors where the vendor makes the sale with the intent to hinder, delay or defraud them and the vendee at the time of his purchase knew of such intent of the vendor. And where two instructions were given, one declaring that knowledge of the plaintiff, at the time of the purchase, of the intent of the party from whom he bought to hinder, delay or defraud his creditors, would render the sale void ; and the other declaring that the plaintiff ought to recover unless he bought the goods with the intent to hinder, delay or defraud the creditor of the vendor of the goods, it was held that such instructions were so plainly repugnant as to render it impossible to tell which the jury took for their guidance, and, therefore, caused their verdict to be mere guess-work, and that such error was fatal.

4. **Fraudulent Intent:** EVIDENCE. A fraudulent intent on the part either of the seller or purchaser need not be proved by direct and positive evidence, but it may be shown from facts and circumstances attending the transaction.

5. **Allegata and Probata.** While the evidence must correspond with the *allegata,* yet only the substance of the issue need be proved.

*Appeal from Clinton Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

Frederick v. Allgaier.

*Thos. E. Turney* and *Lancaster, Thomas & Lacy* for appellants.

(1) The questions asked plaintiff on cross-examination in reference to the Ulbright and other mortgages were competent, and the court erred in sustaining the plaintiff's objections thereto, and excluding the same. *Eastman v. Premo*, 49 Vt. 355; 1 Greenlf's Evid., sec. 53; *Castle v. Bullard*, 23 How. 172; *Irving v. Matley*, 7 Bing. 543; *Carey v. Heathing*, 1 Hill, 316; *Wood v. U. S.*, 16 Pet. 360; *Bottomly v. U. S.*, 1 Story, 144; *Buckley v. U. S.*, 4 How. 259; *Taylor v. U. S.*, 3 How. 209. (2) Whether the facts were admissible as independent evidence or not, the questions were certainly competent on cross-examination of the plaintiff, the party charged with the fraud. Whart. on Evid., secs. 547 and 548; *Young v. Smith*, 25 Mo. 341. (3) Where a vendor sells property with the intent to hinder, delay or defraud his creditors, and the vendee purchases, because he is getting a good bargain and for the sole purpose of making money by the transaction, and without any intention of aiding or assisting the vendor in hindering, delaying or defrauding his creditors, but with knowledge of the vendor's intent to hinder, delay or defraud his creditors, such sale is fraudulent and void as to the vendor's creditors, notwithstanding the vendee paid full value for the property, and such property is subject to attachment and execution against the vendor. *Arnholt v. Hartwig*, 73 Mo. 485; *State ex rel. Peirer v. Merritt*, 70 Mo. 284; *Dougherty v. Cooper*, 77 Mo. 528; *Rupe v. Alkirr*, 77 Mo. 641; *Bartles v. Gibson*, 17 Fed. Rep. 293; Bump on Fraud. Con., 201, 202 and 494. (4) Instructions complete in themselves and purporting to cover the entire case, but which ignore one important element in the case, are not, and cannot be cured by others which do not ignore that element. *Goetz v. Railroad Co.*, 50 Mo. 472; *Porter v. Harrison*, 50 Mo. 516; *Rayston v.*

*Trumbo*, 52 Mo. 35; *State v. Mitchell*, 64 Mo. 191; *Thomas v. Babb*, 45 Mo. 384. It is error to instruct the jury that "unless they are satisfied," etc., it should be unless they believe, etc. (5) Fraud need not be proved by direct or positive testimony, but may be shown by the facts and circumstances surrounding and attending the transaction, and where those facts and circumstances taken together show the existence of fraud, and are unexplained, the denial of a fraudulent intent and the assertion of good faith by the party implicated, is not sufficient to rebut the proof of fraud furnished by the facts and circumstances. *Kehr v. Sichler*, 48 Mo. 96; Cooley on Torts, 475; Bump on Fraud. Con., 600 to 606; *Murrey v. Young*, 73 Mo. 273, and authorities there cited. (6) If a vendor sells his property for the purpose of putting it out of the reach of his creditors, so that he may be able to settle with his creditors for less than he owes them, and less than the amount realized by him from the sale of his property, such sale is made with intent to defraud creditors. Bump on Fraud. Con., 19 and 20 [3 Ed. 1882]; *State, etc., v. Benairt*, 37 Mo. 500; R. S., 1879, sec. 2497. (7) If the vendor sells with intent to hinder, delay or defraud his creditors, and the vendee purchases with no intent to aid or assist the vendor in carrying out his intent, and with no knowledge of the vendor's intent, but with knowledge of facts sufficient to put a prudent man upon inquiry as to the vendor's motive in making the sale, such sale is fraudulent and void as to the creditors of the vendor, and the property cannot be held by the vendee against the creditors of the vendor. Bump on Fraud. Con., 201 and 494 [3 Ed. 1882]; *The State ex rel. Peirer v. Merritt*, 70 Mo. 284; *Rupe v. Alkirr*, 77 Mo. 643, and authorities there cited; *Bartles v. Gibson*, 17 Fed. Rep. 297; *Atwood v. Impson*, 20 N. J. Eq. 156; *Baker v. Bliss*, 39 N. Y. 70; *Avery v. Joharrn*, 27 Wis. 251; *Davis v. Brickard*, 53 Wis. 492.

*J. F. Harwood* and *Ramey & Brown* for respond-
ents.

(1) Plaintiff's instructions. correctly submitted to
the jury the issue tendered in defendants' answer. *Bank
v. Murdoch*, 62 Mo. 70; *Hasett v. Rust*, 64 Mo. 325.
When instructions taken as a whole are not calculated
to mislead, it is sufficient. *Noble v. Blount*, 77 Mo. 235.
(2) If plaintiff bought the goods *bona fide* and without
any knowledge of Rhodes' intention, and without any
intention of defrauding Rhodes' creditors, or to aid or
assist him to hinder, delay or defraud his creditors, the
sale was valid as to plaintiff. *Gates v. Labeaume*, 19
Mo. 17; *Dougherty v. Cooper*, 77 Mo. 528; *Hurley v.
Taylor*, 78 Mo. 238. (3) There was no evidence that
plaintiff knew Rhodes was indebted and for that reason
plaintiff's instruction, number 4 1-2, was properly re-
fused. *Flori v. St. Louis*, 3 Mo. App. 231; *Schling-
mann v. Fielder*, 3 Mo. App. 577; *Utley v. Tolfree*, 77
Mo. 307. A party purchasing personal property is not
required to inquire into the motives of the vendor in
making the sale. *State v. Merritt*, 70 Mo. 275. (4) The
mortgages offered in evidence were rightly ruled out by
the court. They were not relevant. *Eddy v. Baldwin*,
32 Mo. 369; *Greene v. Gallagher*, 35 Mo. 226; *Coal v.
Railroad*, 60 Mo. 227; *State v. Martin*, 74 Mo. 547.

SHERWOOD, J.—Action for the recovery of a sum of
money for the seizure and conversion of a portion of a
stock of goods levied on by defendants under a writ of
attachment and claimed by plaintiff to have belonged to
him.

I. The evidence introduced was on the point of the
*bona fides* of the sale of goods made by Rhodes, the then
owner, to plaintiff. On this point there was evidence

*pro* and *con*, and the result was a verdict for plaintiff. Considering the mere question of evidence adduced at the trial, if the verdict had gone either way there would be no ground for any interference.

II. On the point of the admissibility of evidence there was no error. The mortgages on personal property offered in evidence made by third parties to plaintiff, during the years 1874 to 1881, had no sort of bearing as to the *quo animo* of the transaction then being litigated, and were, therefore, wholly inadmissible. This rule is announced in *Hubble v. Vaughan*, 42 Mo. 138, and is decisive here. To the same effect is *Gutzweiler, Adm'r, v. Lackmann*, 39 Mo. 91.

III. The fifth instruction given at the instance of plaintiff was as follows :

"The jury are instructed that although they may believe from the evidence that said Wm. Rhodes sold the goods mentioned in the evidence to plaintiff for the purpose and with the intent to hinder, delay and defraud his creditors, and that said sale and delivery of said goods did in fact hinder, delay and defraud the creditors of said Rhodes, yet they will find for the plaintiff unless plaintiff bought and took possession of said goods with the intent, or for the purpose of hindering and delaying or defrauding the said creditors."

And the fourth instruction given by the court of its own motion was in these words :

"The jury are instructed that a fraudulent intent either in seller or purchaser, need not be proven by direct and positive proof, but may be proved by facts and circumstances surrounding the transaction. If, therefore, the jury believe from all the facts and circumstances detailed in evidence that the said Rhodes made the sale to plaintiff with the intent to hinder, delay or defraud his creditors, and that the

plaintiff at the time of his purchase knew of such intent on the part of Rhodes they must find for the defendants."

It will be readily seen that these instructions, when thus placed in juxtaposition, were plainly inharmonious, the one requiring a verdict for the plaintiff unless he "bought and took possession of the goods with the intent or for the purpose of hindering and delaying or defrauding the said creditors," the other requiring a verdict for the defendant if "Rhodes made the sale to plaintiff with the intent to hinder," etc., and "the plaintiff at the time of his purchase knew of such intent," etc. In the one instance *mere knowledge* on the part of plaintiff of Rhodes' fraudulent intent is sufficient to defeat his action, in the other he must have been a participant in that fraudulent intent in order to defeat his recovery. These instructions are clearly irreconcilable and cannot stand together. It is impossible to tell which one the jury took for their guidance; if they took the fifth they must have ignored the fourth, and if they took them both together their verdict could not have been anything else than *guess work*. This is not a case where, as sometimes happens, one instruction supplies an omission in another, but a case where elements are combined in one instruction totally repugnant to those contained in another given at the same time.

The fourth instruction was the proper one to give, and the fifth one for the plaintiff should have been refused, the doctrine contained in the latter instruction being only applicable to a creditor who buys from an embarrassed debtor, and not to a mere purchaser from such an one. This distinction is clearly pointed out in *Shelley v. Boothe*, 73 Mo. 74. And the same view as to knowledge of the purchaser of the intent being sufficient is reiterated in *Dougherty v. Cooper*, 77 Mo. 528.

IV. It is claimed that the fifth instruction for the plaintiff already commented on was correct because it

conforms to the issue raised by defendants' answer, that the sale of the goods was made by "Rhodes to the plaintiff for the purpose and with the intent, as well on the part of the plaintiff as of said Rhodes, to hinder, delay or defraud the creditors of said Rhodes." This view is altogether unwarranted, and for this reason: Although it is a fundamental rule of evidence, that the evidence must correspond with the allegation, yet it is equally fundamental that it is sufficient if the substance of the issue be proved. The substance of the issue in the case at bar was whether the plaintiff bought with knowledge, etc. The fact that the answer was drawn too broadly did not require that defendants should be required to offer proof, or to submit to instructions as broad as the allegations of the answer.

For the errors already mentioned the judgment is reveesad and the cause remanded. All concur.