THOMAS K. HANNA *et al.*, Appellants, v. S. P. FINLEY, Respondent.

**Kansas City Court of Appeals, February 4, 1889.**

1. **Fraudulent Conveyances:** PREFERRED CREDITOR: PARTICIPATION OF IN FRAUD. The court approves an instruction containing the following declaration of law, if "the stock of goods in question were by Sparks & Son (the debtors) turned over to Tootle, Hanna & Co., for the purpose of securing their claim, and also for the further purpose of and with the intent to put the residue of said goods beyond the reach of other creditors of Sparks & Son, so as to hinder, delay or defraud said other creditors, and said purpose and intent to hinder, delay and defraud was understood, entered into and participated in by both Sparks & Son and McLean (the agent of plaintiffs), then said transfer was fraudulent and void as to the other creditors of Sparks & Son," etc.

2. —— : ——. A creditor may secure himself, as long as that is his sole object, to the absorption of all his debtor's assets and the exclusion of other creditors, but if he takes more of such assets than are reasonably necessary to pay his claim, with the understanding that he will conceal the excess for a time and account therefor, then he places himself beyond the pale of the law's protection and the transaction will be held void *in toto* as to other creditors.

3. —— : —— : DEMURRER TO EVIDENCE REFUSED. When there is evidence at least tending to show on the part of a debtor a design to hinder, delay, if not defraud other creditors, by placing assets not necessary to pay plaintiffs' claim out of the reach of such creditors, and also evidence tending to establish the participancy of plaintiffs in such design, a demurrer to the evidence is properly refused.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

Statement of the case by the court.

In July, 1886, and for some time prior thereto, the firm of Sparks & Son were engaged in a general merchandising business in Barton county, having one store in the town of Denison, and another store in the town of Liberal, said two towns adjoining each other. Sparks & Son had become indebted to their wholesale creditors in sums aggregating $3,343.87. They were indebted to Tootle, Hanna & Co., a wholesale firm of Kansas City, in the sum of $1,115.99, of which sum $366.23 was an open account past due, and $749.76 was in the shape of a note, which would not be due until the first of January, 1887. In July, 1886, Tootle, Hanna & Co., becoming uneasy, sent one Ed. McLean, their agent, to Liberal to look after and secure their claim. While there he met an agent of Schuster, Hingston & Co., who also held a claim against Sparks & Son for $720.65. To avoid any collision of interests between these two creditors, their said agents made an arrangement whereby Tootle, Hanna & Co. assumed and agreed to pay off the claim of Schuster, Hingston & Co. Thereupon an arrangement was made by and between Sparks & Son and said McLean, as agent for Tootle, Hanna & Co., whereby all of the two stocks of goods belonging to Sparks & Son, in their two stores at Denison and Liberal, were turned over to said McLean. The keys to both of said stores, and the two stocks of goods, were delivered to him shortly after midnight of Sunday, July 18, 1886. At the same time a formal bill of sale was executed by Sparks & Son, and delivered to McLean. Neither the firm of Sparks & Son, nor either of the members thereof, owned any other property. Shortly

after the keys were delivered to McLean, between twelve and two o'clock at night, he went with Sparks & Son to one of the stores, and about $223.00 worth of goods were taken out and moved to the residence of Mr. Sparks, for the use of his family. The next morning McLean opened the stores and commenced to dispose of the goods over the counter, without any invoice having been taken.

Within the next two or three days attachment suits were instituted against Sparks & Son by their other creditors on the ground, among other things, that they had fraudulently disposed of their property and effects so as to hinder, delay and defraud their creditors. The attachment writs in all of said cases were, by the sheriff, levied upon the goods, and they were taken from the possession of McLean. Thereupon, on the twenty-fourth day of July, 1886, Tootle, Hanna & Co. instituted this suit in replevin against S. P. Finley, the said sheriff, and took all of said goods back under a writ of replevin, and sold the whole of them, realizing therefor $3,229.42. In said replevin suit plaintiffs relied upon their contract of purchase, made through their agent McLean, and the defendant relied on the fact that said sale was fraudulent as to the creditors of Sparks & Son. This suit was tried at the February term, 1888, of the Barton circuit court, before the judge, without a jury, and the finding and judgment of the court were for the defendant. The attachment suits against Sparks & Son had been sustained, and judgments were rendered therein in favor of attaching creditors in sums aggregating $1,648.93, including interest and costs; and in the replevin suit, the court found that the defendant, as sheriff of Barton county, Missouri, had a special interest in the property involved, in the sum of $1,648.93, and rendered judgment accordingly. It is from this judgment of the court that plaintiffs have appealed.

Hanna v. Finley.

*Robinson & Harkless*, for appellants.

(1) The bill of sale is proven by both parties to be a mortgage and was acknowledged and received as such. (2) It is not claimed that Tootle, Hanna & Co. had any actual knowledge of any fraudulent purposes of their agent McLean, if he had any. They only had constructive knowledge through their agent, even if they should be bound by that. (3) The intent to hinder, delay or defraud creditors, which avoids a sale, is the intent of the debtor, and not the intent of the purchaser. *Sibley v. Hood*, 3 Mo. 290; *Henderson v. Henderson*, 55 Mo. 534; *Singer v. Goldenburg*, 17 Mo. App. 550. (4) The burden of proof is on the defendant to show that the *prima-facie* case made by the bill of sale and possession of the goods was fraudulent. *Singer v. Goldenburg*, 17 Mo. App. 550. (5) There is no evidence that Sparks & Son intended to cheat, defraud, hinder or delay their creditors. *Cason v. Murry*, 15 Mo. 235; *Colbern v. Robinson*, 80 Mo. 546; *Ames v. Gilmore*, 59 Mo. 537. (6) Sparks & Son may have been overreached by Ed. McLean, but creditors cannot take advantage of that. *Colbern v. Robinson*, 80 Mo. 548. (7) To make the mortgage void as to creditors Sparks & Son must have given it as a part of a scheme by which they intended to, in some way, benefit themselves at the expense of their creditors. *Kuykendall v. McDonald*, 15 Mo. 417. (8) Instruction number thirteen should not have been given, because there is no evidence to support it. (9) Instructions number three, five, six, eight, eleven, should have been given.

*Buler & Timmonds*, for respondent.

The undisputed facts in this case are pregnant with badges of fraud: (1) The transfer was in the night-time—after midnight. (2) No invoice was taken.

(3) Goods were secretly removed from the store, in the night-time. (4) The value of the goods was greatly in excess of the debt. (5) The debtor was in embarrassed circumstances. (6) He transferred the whole of his property. (7) A formal bill of sale was delivered—with a secret understanding, contrary to its provisions. (8) The bill of sale was acknowledged and filed for record in undue haste. Bump on Fraud. Conv. 31. If a creditor, with a knowledge of his debtor's insolvency, takes the latter's stock of goods, the transaction will be fraudulent and void as to other creditors—in case the stock was worth much more than the amount of the debt—if the design of the transaction was not only to pay the debt, but to protect the residue of the stock against attachments. *Burgert v. Borchert*, 59 Mo. 80; *McVeagh v. Baxter*, 82 Mo. 518; *McNichols v. Rubleman*, 13 Mo. App. 515; *Openheimer v. Halff*, 4 S. W. Rep. 562; *Redhead v. Pratt*, 33 N. W. Rep. 382. A sale is fraudulent as against creditors where the vendor makes the sale with the intent to hinder, delay or defraud them, and the vendee, at the time of the purchase, knew of such intent of the vendor. *Frederick v. Allgair*, 88 Mo. 598; *Dougherty v. Cooper*, 77 Mo. 528. Where fraud on the part of the vendor is proven, then the knowledge of it on the part of the vendee may be proven by any circumstances tending to show a participation in the designs of the debtor. *Holmes v. Braidwood*, 82 Mo. 614; Bump on Fraud. Conv. [3 Ed.] 582.

GILL, J.—The appellants assign the usual errors complained of, but in the argument, printed as well as oral, appear to rely on the failure of the court to give plaintiffs' instruction in the nature of a demurrer to defendant's evidence; or, as it may be presented, that the instruction given at the instance of the defendant should not have been given.

The only declaration of law given by the court at

defendant's request is as follows: "13. If the court shall believe from the evidence that Ed. McLean was the agent and collector of Tootle, Hanna & Co., that Tootle Hanna & Co. told him to go to Liberal, Missouri, to look after and secure their claim against Sparks & Son, that as such agent and collector, in obedience to said instructions, he did go to look after and secure said claim, that in looking after said claim and for the purpose of securing the same, he entered into an understanding, agreement and contract with Sparks & Son, whereby the stock of goods in question were, by Sparks & Son, turned over to Tootle, Hanna & Co. for the purpose of securing their claim, and also for the further purpose of and with intent to put the residue of said goods beyond the reach of other creditors of Sparks & Son, so as to hinder, delay or defraud said other creditors; that said purpose and intent to hinder and delay and defraud was understood, entered into and participated in by both Sparks & Son, and McLean, then said transfer of said goods was fraudulent and void as to the other creditors of Sparks & Son, and plaintiffs thereby acquired no right or title to said goods as against the attaching creditors of Sparks & Son, and the finding and judgment of the court should be for defendant."

I. On an examination of the record of this cause we feel entirely satisfied that the court below committed no error in giving the foregoing instruction. It clearly defines the law governing such cases, as repeatedly ruled in this state, as shown by the following adjudicated cases: *Kuykendall v. McDonald*, 15 Mo. 416; *Shelley v. Boothe*, 73 Mo. 74; *Mc Veagh v. Baxter*, 82 Mo. 518; *Holmes v. Braidwood*, 82 Mo. 610; *McNichols v. Rubleman*, 13 Mo. App. 515. Creditors may, it is true, take in payment of their *bona-fide* claims the assets of the debtor and they will be protected therein so long as the transaction is not tainted by fraud on the part of the creditor. It will not invalidate the transfer if the result

of such preference is even to absorb the entire assets of the debtor, and thereby deprive other creditors of means of satisfaction.    But the creditor must himself act in entire good faith to secure his own claim.    He may even know that the debtor is seeking to delay or defraud other creditors by paying the claim of the preferred creditor, yet so long as it may appear the sole purpose of the creditor to make himself whole by the payment of his honest claim the law will not attempt to undo the transaction.

*If, however,* the debtor gives over into the hands of the preferred creditor more of the assets than are reasonably necessary to pay such creditor's claim, with the understanding that the creditor will hold and conceal the excess from other creditors for a time and then account to the debtor for such surplus, then the creditor has placed himself beyond the pale of the law's protection and the transaction will be held void *in toto*, so far as other creditors are concerned.    *Holmes v. Braidwood, supra,* 616, and authorities there cited.

"A conveyance, the consideration of which is partly to hinder, delay or defraud creditors" (with the knowledge and agreement had between grantor and grantee) "is void *in toto*."    *McNichols v. Rubleman, supra,* 522.

So, too, the refusal of the trial court to declare that the testimony introduced by defendant. constituted no defense to the action, was certainly proper.    There was ample evidence which, at least, *tended* to show on the part of the debtors a design to hinder or delay, if not to *defraud,* other creditors by placing the assets not necessary to pay plaintiffs' claim out of the reach of the other creditors, and there was also abundant evidence tending to establish the participancy of the plaintiffs in such design.    The goods were reasonably worth, as the evidence shows, quite double plaintiffs' claim, and the evidence tends, at least, to show that plaintiffs' agent

intended, not only to secure the plaintiffs, but also further intended to cover up by this transfer this large excess, and thereby place such excess beyond the reach of the remaining creditors.

We see nothing in this record to justify disturbing the judgment of the circuit court. The case was fairly tried and the law properly declared. Judgment affirmed. All concur.