MORRIS H. SMIT, Appellant, v. JACOB STRAUS SADDLERY COMPANY, Respondents.

St. Louis Court of Appeals, December 10, 1895.

Fraudulent Conveyances: PURCHASE OF PROPERTY BY CREDITOR FROM DEBTOR IN EXCESS OF CLAIM OF FORMER. The transfer of property by a debtor to one of his creditors is treated as an ordinary sale, and not as a mere preference, when the property exceeds in value the amount of the claim of such creditor, and the consideration given therefor consists, in part, of the cancellation of that claim, and, in part, of the payment of money by the creditor to the debtor. Accordingly, the transaction is invalid as to other creditors, if the debtor intends to defraud them and the transferee has knowledge thereof.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*Edmond A. B. Garesche* for appellant.

*Sale & Sale* for respondents.

ROMBAUER, P. J.—The defendant company attached certain goods in the plaintiff's possession, claiming that their sale to plaintiff by one Seligsohn was fraudulent against the defendant company, who was a creditor of Seligsohn. The plaintiff thereupon instituted this action of replevin, and took the goods from the possession of the constable who held them under the attachment. Upon the trial of this replevin suit such proceedings were had that the defendants recovered judgment to the extent of the attachment claim. The plaintiff appeals, and assigns for error the court's ruling on the instructions.

It appears from the record that on the trial there was testimony tending to show that the goods attached were parcel of a larger lot of goods sold by Seligsohn

to the plaintiff for a consideration of $3,000. Of this amount $2,600 consisted of an indebtedness by Seligsohn to plaintiff, and $400 of cash paid by plaintiff to Seligsohn at the date of the sale. On the one hand, there was evidence tending to show that the goods were not worth in the aggregate more than $2,600; on the other hand, there was evidence tending to show that the goods at the date of sale were worth more than $3,000. There was evidence tending to show that the plaintiff, Smit, when he bought the goods, knew of a fraudulent intent on part of Seligsohn to hinder, delay, or defraud his other creditors, by the sale.

The plaintiff claims that under this evidence he was entitled to have the court instruct the jury that he stood in the position of a preferred creditor, and that the transfer of the property to him was not voidable at the instance of other creditors of Seligsohn, even though he knew of Seligsohn's fraudulent intent, unless he actively aided or participated in such intent. In brief, he claims the benefit of the law as stated in *Shelley v. Boothe*, 73 Mo. 74, and *Sexton v. Anderson*, 95 Mo. 373. On the other hand, the defendants contend that the law applicable to plaintiff's status under the evidence is the one which applies to an ordinary purchaser from an insolvent vendor. In such cases, under the decisions, the purchaser's knowledge of the fraudulent intent on part of his vendor makes the sale voidable at the instance of other creditors of the vendor, even though he did not actively participate in that intent. The court refused to instruct the jury according to plaintiff's claim, but did instruct them according to defendant's claim. That is the only error assigned.

It will be thus seen that the naked question presented for our consideration is whether a creditor who buys the property of an insolvent debtor, and in pay-

ment thereof surrenders his claim and pays an additional consideration to the debtor, is to be treated as a purchaser or as a preferred creditor, or as a purchaser in part and preferred creditor in part. We are of the opinion that under the authorities the transaction must be treated as a sale, and we so held, in substance, in the case of *State to use v. Frank*, 22 Mo. App. 46. The opinions of the supreme court in *McVeagh v. Baxter*, 82 Mo. 518, and *Frederick v. Allgaier*, 88 Mo. 598, also lead necessarily to that conclusion. To the same effect are decisions in other states. *Levy & Co. v. Williams*, 79 Ala. 171; *Oppenheimer v. Halff & Bro.*, 68 Tex. 409.

The plaintiff contends that the sale might be upheld as a *preference*, notwithstanding the fraudulent intent of the vendor and the knowledge of such intent on part of the vendee, where, as here, the vendee is a creditor, and the goods sold do not exceed in value the debt, even though the purchaser paid a *bonus* for securing the preference. It suffices to say in answer to this argument that the case was not submitted to the jury on any such theory, and that there was substantial evidence that the value of the goods exceeded the entire purchase price paid for them both in surrender of debts and cash. In such a case, where the transaction is an *entirety*, creditors may treat it as voidable on the theory that it was a purchase.

All the judges concurring, the judgment is affirmed.