Meyberg v. Jacobs.

JONAS MEYBERG, Respondent, v. JACOB JACOBS, Defendant; M. GOLDMAN, Interpleader and Appellant.

Kansas City Court of Appeals, March 31, 1890.

1. **Burden of Proof:** SALE ADMITTED: FRAUD PLEADED: HARMLESS ERROR. Where plaintiff's answer to an interplea in an attachment suit admits the sale and transfer of possession to the interpleader, but pleads fraud in avoidance thereof, the burden of proof is on the plaintiff to show the fraud, but a direction of the court to the parties before the testimony began, that the burden was on the interpleader to show *prima facie* the ownership of the goods attached, is, under the circumstances of this case, harmless error.

2. **Evidence:** FRAUDULENT CONVEYANCES: DECLARATIONS OF AGENT: INDEBTEDNESS OF GRANTOR: GOODS PURCHASED OF PLAINTIFF. On the trial of an interplea in an attachment suit in which the sale by defendant to the interpleader is attacked for fraud, it is proper to ask, on cross-examination, the husband and agent of the interpleader, what he had said about this not being the first sale he had

Meyberg v. Jacobs.

had attacked as a " humbug sale;" and to admit judgments of other creditors against the defendant, and to show that a portion of the goods transferred to interpleader were sold defendant by the creditors in attachment suits.

3. **Pleading:** ANSWER TO INTERPLEA : INDEBTEDNESS. An answer to an interplea need not allege defendant's indebtedness to plaintiff, where the interplea itself admits it.

4. **Fraudulent Conveyances:** CREDITOR SECURING DEBT : MUST STOP AT THAT. If a *bona fide* creditor do more than obtain his debt, and thereby put it in the power of his debtor to hinder, delay or defraud other creditors, and does it for that purpose, the act in going beyond what he legitimately might do will taint and vitiate the whole transaction, as where he takes more goods than are necessary to pay his debt, and pays the difference in money to his debtor.

*On rehearing.*

5. ———: ———. An instruction to the effect that a creditor, in securing his own debt, cannot do so with a view of aiding the debtor to hinder, etc., his creditors approved.

*Appeal from the Gasconade Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Edwards & Davison, Pope & Kiskadden*, for the appellant.

(1) The court erred in requiring the interpleader to assume the burden of proof. *Albert v. Besel*, 88 Mo. 150; *Sutter v. Gutzweiler*, 39 Mo. 91; *Knapp, Stout & Co. v. Joy*, 9 Mo. App. 47; *Hazell v. Bank*, 95 Mo. 60. (2) The giving of the judgments against Jacobs in evidence was wrong. The judgments were prematurely rendered. Interpleader was no party to those suits. *Ladd, Patrick & Co. v. Couzens*, 35 Mo. 513; *Norcross v. Hudson*, 32 Mo. 227; 1 Greenl. [14 Ed.] sec. 522. (3) The question asked defendant, and appearing on page 10 of statement, was entirely

improper, and ought to have been overruled. 1 Green-leaf [14 Ed.] sec. 455. (4) The court erred in allow-ing evidence to go to the jury as to the goods in the stock attached, that was bought from the several parties attaching. This is no suit to enforce a vendor's lien. *State use of, etc., v. Mason*, 96 Mo. 127; *Parker v. Rhodes*, 79 Mo. 91; *Hess v. Clark*, 11 Mo. App. 492. (5) A debtor has the right to prefer one creditor to another, and the creditor has the right to accept such preference, if he act honestly for the purpose of secur-ing his own debt, though it was the intention of the debtor, in making the preference, to hinder or delay other creditors, and the preferred creditor knew it. And instruction number 4 on the part of the plaintiff should not have been given. *Shelley v. Boothe*, 73 Mo. 74; *Holmes v. Braidwood*, 82 Mo. 610; *Kuykendall v. Middleton, Perry & Co.*, 15 Mo. 416–420; *Potter v. McDowell*, 31 Mo. 62–74; *Sexton v. Anderson*, 95 Mo. 373; *Albert v. Besel*, 88 Mo. 150–152. (6) The answer of the plaintiff to the interplea does not aver that plaintiff was a creditor of Jacobs, and hence showed no standing of plaintiff in this suit, or right to litigate the title to the goods with interpleader.

*Sale & Sale* and *Robert Walker*, for the respondent.

(1) The court committed no error in requiring the interpleader to show a *prima facie* title. This is the extent of the court's ruling. At no stage of the pro-ceedings was the court called upon to rule on the question of burden of proof. The court required inter-pleader to show a *prima facie* title, by producing a bill of sale, or showing a transfer and delivery of possession. This was proper and legal. *Albert v. Besel*, 88 Mo. 150. (2) The plaintiff was entitled to a personal judgment against his debtor, regardless of a thousand interpleas. No act on the part of Mr. Goldman could

Meyberg v. Jacobs.

deprive appellant of his right to a personal judgment against his debtor, when the law expressly entitles him to such a judgment. Waples on Attachment, p. 481-2. (3) The fraudulent intent of Jacobs was an issue in the case. Without proof of that fraudulent intent, plaintiff could not succeed as against interpleader. The question asked witness, on page 19 of appellant's brief, elicited, and was plainly intended to elicit, the fact that Jacobs had bought goods from the plaintiff in this case, and from others who were the plaintiffs in other cases against Jacobs, shortly before his sale to Goldman; had bought goods so recently before the purchase by his sister-in-law that a great part of the goods sold to Goldman were the very goods for the purchase price of which we were suing. This surely shows preparation on the part of Jacobs to carry out the fraud that we charge, and was, therefore, admissible and relevant. This point has been decided by our courts on many occasions. *Desberger v. Harrington*, 28 Mo. App. 632; *Holmes v. Braidwood*, 82 Mo. 610; *Singer v. Goldenberg*, 17 Mo. App. 549; Bump on Fraud. Con. [3 Ed.] p. 582. The admission of evidence which is competent for any purpose is not error; and where one claims that the evidence was competent only for a special purpose, he should ask an instruction to that effect. *Schlicker v. Gordon*, 19 Mo. App. 483-484; *Barbour v. McKee*, 7 Mo. App. 587; *Babb v. Ellis*, 76 Mo. 459. (4) This court will not consider the question raised relating to the instructions, for the reason that no proper exception was taken to any instructions given. A general exception to a mass of instructions must be overruled, if any one of the instructions be correct. *Harrison v. Bartlett*, 51 Mo. 170; *Robinson v. Suter*, 15 Mo. 599; *Care v. Fogg*, 46 Mo. 44; *Jones v. Osgood*, 2 Selden, 233; *Smedis v. B. Co.*, 88 N. Y. 14; *Adams v. State*, 25 Ohio St. 587; *Haggart v. Morgan*, 55 Am. Dec. 350, and cases cited; *Barton v. Ferry Co.*,

114 U. S. 474; *Ins. Co. v. Invest. Co.*, 112 U. S. 250; Thompson's "Charging the Jury," sec. 116; *Rubelman case*, 13 Mo. App. 522; *Covanhovan v. Hart*, 21 Pa. St. 500; *Frederick v. Allgaier*, 88 Mo. 598; *Mc Veigh v. Baxter*, 82 Mo. 518; *Levy v. Williams*, 79 Ala. 171; *Owens v. Hobbie*, 82 Ala. 466; *Leinkauff v. Frankle*, 80 Ala. 136; *Oppenheimer v. Halff*, 68 Tex. 409. (5) The personal judgments against Jacobs were admissible to establish, *first*, plaintiff's position as a creditor; *second*, to show the amount of Jacobs' indebtedness. A judgment rendered after the transfer is sufficient evidence of the debt. *Church v. Chapin*, 35 Vt. 231; *Young v. Pate*, 4 Yerg. 164; *Vogt v. Ticknor*, 48 N. H. 242. As against strangers, a judgment is admissible to prove its existence and legal effect. Wharton, Law of Evidence [3 Ed.] sec. 823.

*W. S. Pope* and *Edwards & Davison*, for the appellant on rehearing.

The eighth instruction, given on behalf of plaintiff, was clearly wrong. It told the jury that, in order to determine whether the sale by Jacobs to Goldman was fraudulent in the meaning of the instructions, they might take into consideration the acts, conduct and statements of Jacob Goldman and Jacob Jacobs, as sworn in the evidence. This was entirely too broad. There should have been some limit as to the statements. Certainly what was said after sale could not prejudice interpleader or hurt her, and what was said not in presence of Goldman could not bind interpleader. *Holmes v. Braidwood*, 82 Mo. 614, 615.

*Sale & Sale* and *Robert Walker*, for the respondent on rehearing.

(1) We now come to the only point made by the appellant that has not heretofore been considered and disposed of by this court, to-wit: The instruction,

number 8. The jury are instructed that, in order to determine whether the sale by Jacobs to Goldman was fraudulent, within the meaning of the instructions given, they may take into consideration the acts and conduct and statements of Jacob Goldman and Jacob Jacobs, as shown by the evidence, as well as all the facts and circumstances surrounding the whole transaction." *Holmes v. Braidwood*, 82 Mo. 610; *Clark v. Hammerle*, 27 Mo. 70; Thompson on Trials, sec. 2341. The fourth instruction is complained of. We venture the assertion in the presence of this learned court, that this instruction contains a statement of the most elementary proposition in the law of "fraudulent conveyances." The third instruction is sustained by the following cases: *Rupe v. Alkire*, 77 Mo. 641; *Sellers v. Bailey*, 29 Mo. App. 174; *Erhardt v. Estel*, 6 Mo. App. 6; *Covanhovan v. Hart*, 21 Pa. St. 500; *Frederick v. Allgaier*, 88 Mo. 598; *McNichols v. Richter*, 13 Mo. App. 515; *McVeigh v. Baxter*, 82 Mo. 518; *Coffin Co. v. Rubelmann*, 15 Mo. App. 280; *Levy v. Williams*, 79 Ala. 171; *Owens v. Hobbie* 82 Ala. 486; *Leinkauff v. Frankle*, 80 Ala. 136; *Oppenheimer v. Halff*, 68 Tex. 409.

ELLISON, J.—A trial in the circuit court resulted against the interpleader and she brings the case here for review.

Jacobs was engaged in the mercantile business and had become insolvent. He owed a number of wholesale merchants for goods purchased of them. He also owed Mrs. Goldman, the interpleader, a sum amounting to $1,429.61. In order to collect her debt she purchased of Jacobs his entire stock, inventoried at $2,319.25, cost price, for $1,723.48, turning in, in payment, her debt of $1,429.61 and paying him in cash $293.87. The plaintiff Meyberg brought suit by attachment against Jacobs and attached the goods which had

been transferred to interpleader. She filed her inter-
plea, claiming the goods as her property. Plaintiff's
answer to the interplea admitted the sale and transfer,
but charged that it was in fraud of creditors.

I. At the opening of the trial, before the testi-
mony began, "the court, upon inquiry of parties, ruled
that the burden of proof, under the pleadings, was
upon interpleader to show, *prima facie*, the ownership
of the goods attached." As the sale and transfer of
the possession of the goods to the interpleader was
admitted by plaintiff's answer to the interplea, thus
admitting interpleader to have been in possession claim-
ing ownership, it may be conceded that the court's
ruling was erroneous, as under such state of the case
interpleader was *prima facie* the owner, and her title
could only be overthrown by proof of fraud; such
proof to be made by the party making the charge.
But, notwithstanding this, did the ruling stated work
any harm to interpleader. The cause was tried with
the aid of a jury and no instruction was given them
asserting the proposition stated in the ruling. The
evidence was submitted to them without guide as to
the burden of proof, and they passed upon it without
prejudice in that regard. Interpleader might, if she
had so desired, or thought the jury needed instruction
on that point, have asked a suitable instruction. This
was not done, and we are not able to discover what
harm could result from a mere direction given to the
attorneys at the beginning of the trial. No evidence
offered by interpleader was excluded; it does not
appear which party opened and closed the case to the
jury, and the action of the court was practically only
directing the order of testimony, a matter largely in its
discretion.

II. The question put to interpleader's husband,
a witness in the cause, and who transacted all the
business, as to what he told Mr. Walker about this not

being the first sale he had had attacked as a "humbug sale," was eminently proper, especially on cross-examination.

Exception was taken to the action of the court in admitting a number of judgments of other creditors of Jacobs. The evidence was properly admitted, as it was an aid to plaintiff's case to show there were creditors; and the judgments, while not binding upon those who are strangers to them, yet are proper evidence to establish the existence of debts owing by the parties against whom they are rendered. The point made that these judgments in favor of third parties should not have been entered until after the interplea in this cause was tried is not tenable. If the point was good under any circumstances (which we do not concede) it would not have availed interpleader in this cause, the object of the testimony being to show the indebtedness of Jacobs.

We think it was competent to show, under the circumstances surrounding this case, as it has been developed by the testimony, that a portion of the goods transferred to interpleader by Jacobs were the goods sold to him by the creditors in the attachment suits. It was a circumstance properly admissible as tending to show fraud on the part of Jacobs. And notwithstanding that fraud alone, on the part of Jacobs, would not defeat interpleader's title; yet such fraud on his part is a part of the case to establish, and, if shown to have been participated in by the interpleader, completes the case. The evidence was admissible, therefore, as tending to show the design of Jacobs, even though, standing alone, it did not connect interpleader. *Desberger v. Harrington*, 28 Mo. App. 632; *Singer v. Goldenberg*, 17 Mo. App. 549; *Holmes v. Braidwood*, 82 Mo. 610.

It is next objected that the plaintiff's answer to the interplea fails to allege any indebtedness to plaintiff. This was rendered unnecessary by the allegations of the interplea admitting plaintiff was a creditor.

III.    The matter, then, resolves itself to this, which in reality is the principal question : Does the case connect interpleader with the fraud ? Without going into other circumstances shown in the cause, it is enough to justify the verdict against interpleader, to consider one phase of the case.   The goods purchased by interpleader amounted, after the discount allowed, to $293.87 more than her debt, and this sum she paid in cash, knowing, as testified by her husband and agent, that her vendor " was going down hill," and that he was indebted to others and was unable to pay.   We deem this evidence alone sufficient to uphold the verdict of the jury.   The rights and privileges of a creditor of an insolvent debtor are pointedly stated in the following extract from an opinion of Judge BLACK in *Covanhovan v. Hart,* 21 Pa. St. 495 :

" One creditor of a failing debtor is not bound to take care of another.   It cannot be said that one is defrauded by the payment of another.   In such cases if the assets are not large enough to pay all, somebody must suffer.   It is a race in which it is impossible for everyone to be the foremost. He who has the advantage, whether he gets it by the preference of the debtor or by his own superior vigilance, or by both causes combined, is entitled to what he wins, provided he takes no more than his honest due.   To pay a creditor his just debt in law, at a fair valuation, is no more a fraud upon other creditors than to pay him in bank notes or silver dollars. Neither is it any worse or more fraudulent for a creditor to secure himself by taking a conveyance, than it would be to enter up judgment.   He gets no greater advantage by the former means than by the latter.   The notion of the defendants in error seems to be that the creditor of an insolvent, man cannot avoid the imputation of fraud in any way except by cheating himself."

While a creditor may thus lawfully seek and obtain a preference from his insolvent debtor over his fellow

creditors, he must quit at that. Notwithstanding his debt may be *bona fide*, yet if he do more than obtain his debt and thereby put it in the power of his debtor to hinder, delay or defraud the other creditors and does it for such purpose, the act in going beyond what he legitimately might do will taint and vitiate the whole transaction. *Oppenheimer v. Halff & Bro.*, 68 Tex. 409; *Levy v. Williams*, 79 Ala. 171; *Leinkauff v. Frankle*, 80 Ala. 136; *Owens v. Hobbie*, 82 Ala. 466; *McVeigh v. Baxter*, 82 Mo. 518.

We think the judgment should be affirmed, and it is so ordered.

### ON REHEARING.

ELLISON, J.—On the original consideration of this cause we did not pass upon interpleader's objections to instructions given for plaintiff, for the reason that we did not consider that exceptions had been saved by the action of the trial court. We are now satisfied that the bill of exceptions, as set forth in appellant's printed abstract, sufficiently stated an exception to the action of the trial court. *Elsner v. Supreme Lodge*, 98 Mo. 640. It shows the objections to the instructions were made *after* they had been passed upon, and was not a mere objection, in the first instance, to them being given.

The complaint as to the instructions is confined in appellant's brief on rehearing to numbers 4 and 8. Number 4 is as follows: "4. The court declares the law to be that every transfer or sale of goods or property, made with the intent or purpose to hinder or delay or defraud creditors or any creditor of a just debt, is utterly void as to creditors. If, therefore, the jury believe from the evidence that J. Jacobs, in selling his stock of goods to Goldman, intended to defraud or to hinder or to delay any of his creditors, and that Goldman knowing, or having reasonable grounds to believe, that such was the intent or purpose of said

Jacobs, accepted the sale of such goods with a view of aiding or assisting Jacobs in carrying out such intent, your verdict must be for the plaintiff and against Goldman, although you may believe that Jacobs was justly indebted to Goldman in the sum claimed by Goldman." This states unquestionable law. For notwithstanding one purchases goods and pays value for them ( or, which is the same thing, takes them in payment of a debt), yet, if he does this with the intent and design to aid and assist his vendor in cheating and defrauding creditors, the sale is void as to creditors.

Instruction number 8 is the one usually given in a case where a question of fraud is to be determined; and taken in connection with the other instructions, to which it refers, is not subject to the criticism made upon it by counsel.

On account of the evident earnestness and sincerity of counsel we have again considered the cause as originally presented, but after such consideration feel constrained to adhere to what was said in the original opinion. The judgment is affirmed. All concur.