The Tennent-Stribling Shoe Co. v. Rudy.

The Tennent-Stribling Shoe Company, Appellant, v. R. B. Rudy ,Defendant; Warren Heaton, Interpleader, Respondent.

St. Louis Court of Appeals, March 7, 1893.

1. **Sales:** Change of possession as to creditors: effect of the evidence. The evidence in this cause in regard to the sale of personalty is considered, and is *held* not to conclusively establish such failure to effect a change of possession as would invalidate the sale as against creditors of the vendor.

2. ———: Preference by insolvent: payment of purchase price. The purchaser of personalty accepted it in satisfaction of his own demand against the seller, and further as part of the consideration assumed the payment of other specified debts of the seller, the holders whereof were notified of and consented to this arrangement. *Held* that the transaction was governed by the rules of law applicable to the preference of creditors, and that the existence of a fraudulent intent on the part of the seller alone would not entitle creditors who attached the property subsequently, but before actual payment of the debts assumed, to any interest in the property.

3. **Practice, Trial:** Attachment: non-observance of rule for notice of interplea. An interpleader in an attachment suit failed to observe a rule of the trial court, which required him to notify the adverse party of the filing of the interplea within a stated time, and provided that the failure to give the notice should entitle the adverse party to a dismissal of the interplea. *Held*, nevertheless, that such dismissal should not follow in this cause, since the purpose of the rule was only to secure a prompt trial of the interplea, and it had been subserved without injury or inconvenience to the adverse party.

*Appeal from the Newton Circuit Court.*—Hon. Joseph Cravens, Judge.

Affirmed.

*John T. Sturgis* and *White & McCammon,* for appellant.

(1) The interpleader did not take such open, notorious and unequivocal possession of the property

in controversy as is required by the statute; and the alleged sale to him was void as against the plaintiff. Revised Statutes, 1889, sec. 5178; *Laflin v. Rosenburg*, 42 Mo. 439; *Wright v. McCormick*, 67 Mo. 426; *Stewart v. Bergstron*, 79 Mo. 524; *Stern v. Henley*, 68 Mo. 262; *State to use v. Helman*, 20 Mo. App. 304. And this is a question of law for the court, when all the facts are admitted as in this case. *Knoop v. Distilling Co.*, 26 Mo. App. 303. (2) The court should have dismissed the interplea for non-compliance with the rules of court in failing to give plaintiff notice within three days. The statutes authorize trial courts to make rules in such cases (Revised Statutes 1889, sec. 579), and, when courts have made such rules, they ought to be as binding as the statutes themselves on parties litigating in that court. (3) Under the admitted facts the defendant did not owe the interpleader more than $700. To secure this he took at the invoice price the entire stock of goods, which they thought when the bargain was made would invoice $3,000, and which did invoice $2,232.69, and interpleader paid defendant $250 cash and assumed to pay in full, and thus preferred sufficient of defendant's other debts to cover the balance without consulting the other creditors thus secured, or a large part of them, or their agreeing to the transaction, though they knew that other creditors would lose their full claims. This is going beyond a mere preference of one creditor over another. *Meyberg v. Jacobs*, 40 Mo. App. 128, and cases cited; *McVeagh v. Baxter*, 82 Mo. 518; *Parsons v. George*, 44 Minn. 151; *Willis v. Yates*, 12 S. W. Rep. 29.

*George Hubbert*, for respondent.

(1) Rudy, as a failing debtor, might, without fraud, lawfully prefer one or more home creditors,

inclusive of Heaton, though one was of kin to him, to the exclusion of others; and it was wholly immaterial what means he adopted to give effect to such preference. We submit that the mere manner of doing such lawful and innocent act will not change it to a wrong. *Claflin v. Sylvester*, 99 Mo. 276; *Sellers v. Bailey*, 29 Mo. App. 174; *Sexton v. Anderson*, 95 Mo. 373; *Heideman v. Urner*, 24 Mo. App. 534. (2) The change of possession from Rudy to Heaton was not delayed, nor equivocal, nor wanting in openness or continuity. The evidence of such change was ample, though not showing every class of facts which may be regarded as tending to prove such change. It need not have been more. *Huggins v. Ellis*, 45 Mo. App. 585; *Huels v. Boettger*, 40 Mo. App. 310; *Leeser v. Boeckhoff*, 33 Mo. 223. (3) The equitable principle, that denies protection to a purchaser for payment to a fraudulent vendor after notice of actual fraud, is not involved here, for the interpleader, Heaton, paid nothing to Rudy after the attachment; though it is submitted that, in the absence of proof of fraud by Rudy, participated in by Heaton, the fact of attachment could not impair any right of Heaton. His payments were to persons to whom he had contracted with Rudy in good faith for an executed consideration, to pay honest and existing debts; and those persons could enforce performance of that contract, without being parties to it, by suing Heaton direct. His payments of those debts were in pursuance, then, of lawful and binding obligations, and were commendable, rather than pregnant with presumptions of fraud. *Rogers v. Gosnell*, 58 Mo. 589; *State ex rel. v. Laclede, etc., Co.*, 102 Mo. 472, 482.

BIGGS, J.—On the eleventh day of May, 1891, the defendant Rudy sold to the interpleader a stock of goods which amounted at the invoice price to $2,232.69. In

payment the interpleader surrendered to Rudy notes held against him amounting to $700, and assumed to pay other indebtedness of Rudy, equal in amount to the remainder of the purchase money. The plaintiff, being an unsecured creditor of Rudy, attached the goods as his property. Heaton filed an interplea, claiming the property under his purchase. The plaintiff resisted the claim, upon the grounds that the sale was concocted between Rudy and Heaton to hinder and delay the other creditors of Rudy, and that there had not been such a change of possession of the property as was required by the statute. The trial of the interplea was had before the court, sitting as a jury, and resulted in a finding of the issues for the interpleader. The plaintiff has appealed.

The facts and circumstances in evidence touching the sale and the possession of the goods were not such as to authorize the court to declare, as a matter of law, that the sale was void as to other creditors of Rudy for want of a change in the possession of the property. The change of possession mentioned in the statute must be unequivocal, but, where the facts attending such change are such that fair-minded men might draw different inferences, then the question must go to the jury. The plaintiff's evidence tended to show that the invoice was taken on May 10, and the trade closed up, by bill of sale, on the next day; that thereupon Rudy put Heaton in possession of the store; that, on account of other business, Heaton was unable to take charge of the store in person, but was there frequently from the date of the purchase to the time the goods were attached; that he took his bookkeeper out of his cigar establishment and put him to work in the store; that he immediately notified the creditors of Rudy, whose debts he had assumed, that he had purchased the stock and had assumed their debts, and that he

replenished the stock by the purchase of new goods. Eight days after the sale the goods were attached by the plaintiff, and the sheriff testified that, at the time he made the levy, the interpleader was present and claimed the goods, and that it was generally understood that he had bought them. Under this evidence the question of change of possession was one for the jury, notwithstanding that the interpleader had retained Rudy's clerk in his employ, and had failed to destroy Rudy's sign, which was painted on the body of the building, and had also failed to change the name on the delivery wagon.

The court refused the following instruction, asked by the plaintiff: "If the court believes from the evidence that any part of the purchase money had not been paid at the time of the levy of the attachment herein, and that Rudy was, by the alleged sale, attempting to hinder, delay or defraud his creditors, then the court will find the issue for the plaintiff as to an amount equal to that part of the purchase money not so paid." This instruction was not authorized by the evidence. The plaintiff introduced no evidence, and that of the interpleader tended to prove that he held notes against Rudy amounting to $700; that these notes were surrendered to Rudy, and that the interpleader then agreed, in settlement of the balance of the purchase money, to pay to certain other creditors of Rudy the amount of their debts, which aggregated the balance due on the stock. It also appears that the interpleader, at the time, settled with one of these creditors by giving his individual note, and that he immediately notified the others that he had agreed with Rudy to pay their claims, which he afterwards paid. The agreement of the interpleader to pay these debts created valid and binding obligations in favor of the creditors, although the agreement was made with

Rudy *(Rogers v. Gosnell*, 58 Mo. 589); and, as each one had been notified of the arrangement, and consented to it previous to the attachment, the liability of the interpleader had become irrevocably fixed. Therefore, the equity principle attempted to be stated in the instruction, that a purchaser of a fraudulent vendor will only be protected to the extent of payments made before notice of the fraud, can have no application in this case.

It is claimed that, under the rules adopted by the circuit court concerning the trials of interpleader cases, the interplea herein ought to have been stricken from the docket. The rule provides that all interpleas shall be filed within the first two days of the term, and that notice of interplea shall be served on the opposite party "within three days after the filing thereof, *unless longer time be granted by the court.* The failure to make such service shall entitle the party opposing such interplea to an order dismissing the same." The interplea in this case was filed on the first day of the term, and notice was not served until the sixth day of the term. On the day the notice was served the plaintiff filed a motion to dismiss, which the court overruled upon proof that the requisite notice had been given. The interplea was set down for trial ten days in advance of the notice. The object of the rule requiring notices to be given was to secure the prompt trial of interpleas, so as not to delay the trials of the main cases. The failure to give the notice, under the circumstances of this case, worked no special injury or inconvenience, and in no way defeated the object of the rule. The plaintiff had ample time after the notice to prepare for the trial of the interplea. Hence, the discretion of the court was properly exercised by extending the time for serving the notice, which it in effect did by overruling the

motion to dismiss, upon proof that the notice had been served on that day.

The sale of the goods by Rudy to Heaton in payment of the latter's debt must be treated as a preferment of one creditor over another, although the amount of the purchase far exceeded the debt. The balance of the purchase price was appropriated to the discharge of other obligations of Rudy, concerning which there is no dispute, and this distinguishes the present case from *McVeagh v. Baxter*, 82 Mo. 518, and *Meyberg v. Jacobs*, 40 Mo. App. 128, and brings it within the doctrine of the case of *Shelley v. Boothe*, 73 Mo. 74.

The judgment of the circuit court will be affirmed. All the judges concur.