WM. T. WATERS, Appellant, v. SCHOOL DISTRICT No.
4, TOWNSHIP 50, RANGE 11, BOONE COUNTY,
Respondent.

Kansas City Court of Appeals, December 3, 1894.

1. **Appellate Practice**: MOTION TO STRIKE OUT: BILL OF EXCEPTIONS.
   In order to secure a review of the trial court's action in overruling a
   motion to strike out a portion of an answer, the motion itself and the
   court's ruling with exception thereto must be preserved in the bill of
   exceptions, which alone can make it a part of the record.

2. **Schools**: RECISION OF CONTRACT: TEACHER: INSTRUCTION: PRACTICE.
   Section 7996, Revised Statutes, 1889, recognizes the power of dismis-
   sing and closing the school before the end of the contract term by the
   agreement of the teacher and the directors, and instructions to that
   effect are not erroneous; but if so, the error in this case is common to
   both parties and is not a ground for reversal.

3. ———: BOARD OF DIRECTORS: SPECIAL MEETING. Under section
   7990, Revised Statutes, 1889, the president of the board is empowered
   to call special meetings and the only legal requisite is that each
   member of the board shall have notice of the time, place and purpose
   of the meeting, and that a majority shall actually attend. In the
   absence of evidence, it will be presumed the meeting was regular.

4. **Evidence**: SCHOOL RECORD: VALIDITY OF: APPELLATE PRACTICE.
   The trial court heard all the evidence *pro* and *con* as to the validity
   of the school record introduced in this case and admitted the same and
   the appellate court will not disturb its action.

5. ———: INADMISSIBLE BUT HARMLESS: TRIAL BY COURT. Certain
   evidence relating to plaintiff's manner of conducting his school during
   a period for which his services had been accepted and he had been
   paid, though strictly inadmissible, is *held* harmless, since the same
   strictness in rulings on evidence is not required when the trial is by
   the court without a jury.

*Appeal from the Boone Circuit Court.*—HON. JNO. A.
HOCKADAY, Judge.

AFFIRMED.

*Gordon, Gordon & Gordon* for appellant.

(1) The trial court erred in overruling plaintiff's motion to strike out parts of defendant's answer, as the same constituted no defense to plaintiff's cause of action. *Arnold v. School District*, 78 Mo. 229. The school board had recognized the performance of the contract, and any matters set up in said parts of said answer going to show a failure to perform the contract during that period were concluded. *Armstrong v. School District*, 19 Mo. App. 464. (2) The court erred in admitting all testimony relating to the mode and manner of plaintiff's conducting the school and showing or tending to show dissatisfaction of the patrons. *Armstrong v. School District, supra; Arnold v. School District, supra; Armstrong v. School District*, 28 Mo. App. 169. (3) The court erred in permitting to be read in evidence, the pretended record of a school board meeting claimed to have been held by two of the directors of the district on the stile blocks or near the coal house Friday the sixteenth day of December, 1892, as the evidence of Waters, McDonald and Silver shows conclusively that there was no organized legal meeting of the board of directors then held as a board. *Armstrong v. School District, supra; Kane & Co. v. School District*, 48 Mo. App. 415; *Johnson v. School District*, 67 Mo. 321. W. T. Waters and W. S. Waters testified that they saw and heard read this entry in said school record and that it had been manipulated and changed and was not the same as the record read in evidence on that trial. (4) Section 7995 of the statute requires that "all special meetings shall be called by the president, and each member notified of the time, place and purposes of the meeting." This was not done as to the pretended meeting. (5) The court erred in giving

the instruction prayed for by defendant, as it did not embrace all the facts in the case. Where a single instruction is given by the court, which authorizes a verdict predicated of the facts therein stated to be found, it is bad, if it omits other facts in evidence which would authorize a different result. *Finx v. Phelps*, 30 Mo. App. 435; *Fitzgerald v. Haywood*, 50 Mo. 516; *Ellison v. Priest*, 78 Mo. 126; *Wood Machine Co. v. Bobbst*, 56 App. 427. And this error is not cured by other instructions which are correct. *Bank of Fitchburg v. Westlake*, 21 Mo. App. 565; *Singer Mfg. Co. v. Hudson*, 4 Mo. App. 145. (6) Defendant's instruction does not correctly declare the law in this case. *Frazier v. School District*, 24 Mo. App. 256. (7) The court erred in giving defendant's instruction, as it is predicated upon a misconstruction of section 7996 of Revised Statutes of 1889. *Arnold v. School District, supra; Armstrong v. School District, supra; Frazier v. School District, supra; Rudy v. School District*, 30 Mo. App. 113.

*Turner, Hinton & Turner* for respondent.

(1) Appellant first complains of the action of the trial court in refusing to strike out a part of defendant's answer on motion. The appellant is in no position to question the correctness of this ruling, since he has failed to preserve his motion and the court's ruling thereon by his bill of exceptions. The mere fact that the clerk may have copied such motion into the transcript does not bring the matter up for review in this court. *In re Webster*, 36 Mo. App. 355; *Bank v. McMenamy*, 35 Mo. App. 198; *District v. Holmes*, 53 Mo. App. 487; *Bank v. Finks*, 40 Mo. App. 367; 1 Greenleaf on Evidence [14 Ed.], sec. 449, p. 544; *State v. Robb*, 90 Mo. 30; *Helman v. Bick*, 55 Mo. App. 168. (2) A

sufficient answer to the first part of this contention is that no evidence tending to show plaintiff's manner of conducting the school and the like was admitted. The evidence complained of was solely as to what was said in the conversation between plaintiff and the defendant's board of directors on the occasion when the contract was rescinded. (3) The plaintiff had undertaken in his examination in chief to detail the conversation between himself and the directors. It was, therefore, certainly no error to permit the defendant to cross-examine as to the whole conversation. *Howard v. Newsom*, 5 Mo. 523; *Drew v. Arnold*, 85 Mo. 128; *Haver v. Schwyhart*, 48 Mo. App. 50. Where the trial is by the court, without a jury, the same strictness in rulings on evidence is not required. *Helman v. Bick*, 55 Mo. App. 168; *McCullough v. Ins. Co.*, 113 Mo. 606. (4) By the third and fourth sections of his brief, appellant seeks to attack the regularity of the meetings and records of the board of directors of the district. In the absence of evidence to the contrary, under the doctrine of *omnia rite acta*, it will be presumed that this meeting was regularly convened upon due notice. *Rutherford v. Hamilton*, 97 Mo. 543; *City of St. Joseph v. Farrell*, 106 Mo. 437; *State v. Dugan*, 110 Mo. 138. But the meeting in question is supported by the evidence in the cause, and does not have to stand alone upon the legal presumption of regularity. (5) The sole function of declarations of law, in trials before the court is, that the appellate court may determine upon what theory the case was tried below. *Price v. Merritt*, 55 Mo. App. 640; *Weber v. Ins. Co.*, 35 Mo. App. 521. Hence in such cases the same strictness is not required. *Carpet Co. v. Hatton*, 55 Mo. App. 320. Nor is a party ordinarily bound to embrace in his instruction anything beyond his own theory of the case. *State ex rel. Robertson v. Hope*, 102 Mo. 410; *Minter v.*

*Hardware Co.*, 50 Mo. App. 177. (6) Counsel for respondent do not preceive the force of appellant's sixth contention. If the parties to the contract rescinded and terminated the same by mutual consent that was the end of the matter; and they stood from that time on as if no contract had ever existed. 2 Parsons on Contracts [7 Ed.], sec. 677, p. 811. After the plaintiff's contract as teacher had been terminated by mutual consent, the directors were under no obligations whatever to accept his tender of services. *Fine v. Rogers*, 15 Mo. 315. In this case the appellant by his declaration of law conceded that a mutual rescission of the contract did constitute a complete and absolute defense, and he is now estopped by his own declaration to question the soundness of the rule therein contained. *Holmes v. Braidwood*, 82 Mo. 610; *Singer v. Dickneite*, 51 Mo. App. 245.

SMITH, P. J.—This suit was instituted by the appellant in the Boone circuit court to recover the sum of $200, alleged to be due him for wages as teacher of the defendant's district school. The petition alleged, in substance, that the plaintiff had entered into the usual contract to teach the district school for a term of eight months at a salary of $50 per month; that as such teacher he entered upon the discharge of his duties and taught for a period of four months, receiving pay in full therefor; that thereafter, although plaintiff was at all times ready and willing to complete said contract and to teach the balance of said term, and tendered his services to the defendant's board of directors for that purpose, yet said board of directors wrongfully refused to permit him to complete said contract, but on the contrary employed another teacher in his place and stead. The defendant's answer admitted the contract sued on, but set up in avoidance thereof that the same

had been rescinded and abandoned by mutual consent at the end of the first four months of the term. The reply consisted of a general denial of the new matter in the answer.

The evidence in the cause was very voluminous, covering some hundred and fifty typewritten pages, so so that only a bare statement of its tendency will be attempted. On behalf of the plaintiff the evidence tended to show that, on the sixteenth of December, 1892, at the end of the first four months of the term, the plaintiff, by an arrangement with the directors of the district, temporarily suspended the school in order to enable the directors to file charges against him with the county commissioner; that no charges were, in fact preferred, whereupon plaintiff tendered his services to the directors and offered to complete his contract and teach the balance of the term; that the directors refused to allow him to continue, and employed another teacher. The plaintiff also introduced evidence tending to show that the district records had been changed.

On behalf of the defendant the evidence tended to show that on December 16, 1892, at the end of the first half of the term, it was mutually agreed by and between the plaintiff and the defendant's board of directors to rescind and cancel plaintiff's contract and terminate his connection with the school, and that such rescission was thereupon carried out and effected. Defendant also introduced evidence tending to prove that the district records were correct, and had never been changed or altered.

There was a trial before the court without the aid of a jury, which resulted in judgment for defendant, from which plaintiff has appealed.

The plaintiff, by his appeal, first objects that the trial court erred in overruling his motion to strike out a certain desingated part of the defendant's answer. It

is a sufficient answer to this objection to say that neither the motion itself nor the action of the court in overruling the same, nor the exception noted thereto, if any, was preserved by the bill of exceptions, and for that reason we can not review this assignment of error. It is true the clerk has copied the motion into the transcript of the record proper, but it is no part of such record. It could only become a part of the record by being incorporated in the bill of exceptions. *In re Webster*, 36 Mo. App. 355; *Bank v. McMenamy*, 35 Mo. App. 198; *District v. Holmes*, 53 Mo. App. 487; *Bank v. Finks*, 40 Mo. App. 367.

The issues in the case were very much narrowed down by the instructions. Those given for the plaintiff, at his request, and that for defendant, were entirely consistent and harmonious. In fact, that of the plaintiff was so comprehensive as to render the giving of that of defendant superfluous. The former was to the effect that, if the defendant school district, by its legally authorized officers, entered into a written contract with plaintiff to teach the public school in said district for a term of eight months, beginning on the twenty-ninth day of August, 1892, at the sum and price of $50 per month, and that plaintiff, in pursuance of said contract, and in compliance with the terms of said contract on his part, taught said public school four months of said term, and was paid therefor, and was afterward prevented from further continuing to teach the balance of said term by the defendant's said officers and was ready and willing at all times to so continue to teach said school to the end of the eight months' term contracted for, and otherwise comply with the terms and conditions of said contract on his part, the verdict must be for the plaintiff for the sum of $200, unless the court further find from the evidence that plaintiff voluntarily.

abandoned said contract with said school directors, or mutually agreed with the directors of said district to dismiss and finally close the term of said school at the end of four months.

The defendant's instructions told the jury "that the parties to the contract sued on had the legal right to abrogate and do away with the same. And if the parties on the sixteenth day of December, 1892, did, at the instance of the defendant, agree to close the school at the end of four school months, ending on said sixteenth day of December, 1892, and that the plaintiff thereupon dismissed said school and delivered the school house to the defendant's directors, and received back from the defendant's district clerk his teacher's certificate, as provided by the statute, and that defendant thereupon paid plaintiff the balance in full then due him as wages, then the plaintiff can not recover in this action."

Every actionable fact embraced in the hypothesis of the plaintiff's instruction and upon which he based his right of recovery, except the fact that he was prevented by defendant's officers after the expiration of the four months from further continuing to teach the balance of the term and that he was ready and willing to teach the school to the end of the eight months' term, was admitted by the answer. These facts which were alleged by the petition and denied by the answer, constituted one of the issues. Another was made by the answer and replication and was submitted by the latter part of plaintiff's instruction as well as in that of the defendant.

It is contended by the plaintiff, however, that the defendant's instruction is erroneous in declaring that the school could be dismissed and closed before the end of the contract term by the agreement of the plaintiff and the defendant's board of directors. This power

seems to be fully recognized by the statute. R. S., sec. 7996. But if this be error it is to be observed that a like error is to be found in the plaintiff's instruction, so that the error being common to both instructions it is not, therefore, a ground for reversing the judgment. The theory upon which the case was tried is indicated with sufficient clearness by the instructions and for reasons which we have stated, it is not subject to assault by plaintiff. The present case is not analogous to that of *Armstrong v. School District*, 19 Mo. App. 462; nor to *Arnold v. School District*, 78 Mo. 226, nor to any of the other cases cited by plaintiff either in fact or principle. In those cases the board undertook to dismiss the teacher for incompetency and immorality and it was properly held that this was alone within the power of the county school commissioner and not within that of the board.

It is next objected by plaintiff that the trial court erred in permitting the defendant to introduce in evidence the record of the school board. This objection can not be sustained. Under section 7990, Revised Statutes, the president of the board is empowered to call special meetings and the only legal prerequisite to a valid special meeting is that each member of the board shall have notice of the time, place and purpose of the meeting and that a majority of the board shall actually attend. It appears from the evidence that in the present instance a majority of the directors, McDonald and Silver, in pursuance of notice, did meet and act as a board and that they made a record of their proceedings which is as follows: "Dec. 16th, 1892. The board of directors of Dist. 4–50–11, county of Boone, met at a special meeting at the school house in said Dist., for the purpose of consulting with W. T. Waters, teacher of said district, relative to the propriety of dismissing his term of school at the close of four months." In the

absence of evidence to the contrary under the doctrine of the maxim *omnia rite acta* it would be presumed that this meeting was regularly convened upon due notice. *Rutherford v. Hamilton*, 97 Mo. 543; *City of St. Joseph v. Farrell*, 106 Mo. 437; *State v. Dugan*, 110 Mo. 138.

The regularity of this meeting does not rest alone on a legal presumption, but finds substantial support in the evidence. McDonald, the president of the board, testified that he called the meeting and notified the members. Silver testified that he had been notified of the meeting by McDonald. And, lastly, the only director who was absent on the occasion, Joseph Thomas, testified that he had received notice of the meeting. No doubt these directors, like those generally composing district school boards, were plain farmers and not accomplished and skilled parliamentarians and consequently the record of their meetings could not reasonably be expected or required to show that formality and artistic finish which ought to characterize such proceedings by the school board of a large city whose members presumably are men accomplished and skilled in parliamentary procedure. The law exacts of these humble boards the preservation by their record of the substance of their proceedings without much reference to bare form. The record here sufficiently shows the purpose of the meeting of the board.

It is true that there is some conflict of testimony as to whether this record had not been altered after it was first written and whether it was not fabricated and false, but the court heard all the evidence adduced *pro* and *con*, and found in favor of the validity of the record and admitted the same, which finding and action of the court we are not at liberty to disturb.

The plaintiff's further contention is, that the court erred in admitting certain evidence as to the mode and manner in which plaintiff conducted the school and

State v. Ragsdale.

tending to show dissatisfaction of the patrons, etc. This testimony was drawn out by defendant on cross-examination and was part of the conversation which took place between plaintiff and the directors at the special meeting, and, while perhaps not strictly admissible, was harmless. The same strictness in rulings on evidence is not required when the trial is by the court without a jury. *Hellman v. Bick*, 55 Mo. App. 168; *McCullough v. Insurance Co.*, 113 Mo. 606.

We do not perceive any merit in the grounds of plaintiff's appeal, and so affirm the judgment. All concur.