THE STATE OF MISSOURI *ex rel.* SMITH *et al.*, Plaintiffs in Error, v. JAMES R. FLYNN *et al.*, Defendants in Error.

Kansas City Court of Appeals, January 29, 1894.

1. **Fraudulent Conveyances**: POSSESSION: AGENCY: INSTRUCTION: A creditor who has an unacknowledged or unrecorded mortgage on his debtor's personal property and takes actual possession thereunder and puts up his sign conspicuously in front so as to be observed by all who pass by, and who himself takes up quarters in the store building, can there, under such circumstances and surroundings, place the possession in the mortgagor as his agent, the creditor himself remaining in the building observed and known to all and the jury should be so instructed.

2. ——: ——: ——: ——. The jury should be informed that the purchaser's possession was not made any the less exclusive, or any the less sole, merely because the vendor remained in the building as his agent to assist the purchaser.

3. ——: ——: ——. In an instruction as to change of possession the words "would notify the public," are preferable to the words "to notify the public," where the transaction is so recent, that it might not have notified the public and yet would do so as the business was conducted under the new regime.

4. ——: ——: INVALID MORTGAGE: INSTRUCTIONS. It is error in this case to exclude by instruction from the consideration of the jury in passing on the question of possession, the existence of the invalid mortgage and bill of sale.

5. ——: ——: INSTRUCTIONS. In cases of this kind, it would be proper in using the word "possession" in instructions to add the words "as explained in other instructions."

6. ——: PREFERENCE. In this case it would, perhaps, be fair and proper to inform the jury that plaintiffs had a right to accept of a preference at the hands of their debtor to the exclusion of other creditors.

*Error to the Cooper Circuit Court.*—Hon. D. W. Shackleford, Judge.

Reversed and remanded.

*John Cosgrove* and *J. H. Johnston* for plaintiffs in error.

(1) The chattel mortgage from Huston to Smith, Heddens & Co., though not acknowledged, was good as between said parties. *Cooley v. Rankin*, 11 Mo. 642; *Hannah v. Davis*, 112 Mo. 599. If, then, Smith, Heddens & Co., by their agent, took possession of the property described in said chattel mortgage in good faith, for the purposes specified in said mortgage, such possession made the chattel mortgage valid as against creditors of Huston attaching afterwards. *Dobyns v. Meyer*, 95 Mo. 132; *Greely v. Reading*, 74 Mo. 309; Cobbey on Chattel Mortgages, sec. 498; *Claflin et al. v. Rosenberg et al.*, 42 Mo. 439. (3) Plaintiff's instruction number 6 should have been given. It told the jury that Huston had the right, under the law, to

·dispose of his property for the benefit of one of his creditors to the exclusion of all others. (4) The fourth instruction given for defendants is not the law. The employment of Huston by Wells to act as agent in the sale of the goods did not render the sale void. *Claflin et al. v. Rosenberg et al.*, supra; *Knoop ex rel. v. Distilling Co.*, 26 Mo. App. 303; *Pollard v. Farwell*, 48 Mo. App. 42; *Shoe Co. v. Rudy*, 53 Mo. App. 196.

*Leslie Orear, Draffen & Williams* for defendants in error.

(1) The fact of possession of the debtor in the attachment, at the time of the levy of the writ of attachment by the constable, was fairly submitted to the jury under proper instructions, which have been repeatedly approved by the courts of last resort in this state, and the triers of the fact having found that there was no change of possession from said Huston to relators, their verdict ought not to be disturbed. *Claflin v. Rosenberg*, 42 Mo. 439; *Leesem v. Herriford*, 44 Mo. 323; *Wright v. McCormick*, 67 Mo. 426; *Stewart v. Bergstrom*, 79 Mo. 525; *Knoop v. Distilling Co.*, 26 Mo. App. 303. (2) It is submitted that the objections urged by plaintiffs in error, to the instruction given by the court of its own motion, are more hypercritical than substantial, when it appears from all the evidence upon which it is based, that relator's agent was present and could not help but hear. The instruction states the law correctly. *Hazell v. Bank*, 95 Mo. 60–65. (3) The fifth instruction asked for by plaintiffs was properly refused by the court. 1 Cobbey on Chattel Mortgages, 497; *Wilcox v. Jackson*, 4 Pac. Rep. 966. (4) The instruction number 7 asked for by relators, makes a symbolical delivery take the place and have the same effect as an actual delivery, open, notorious and visible

to the public, and therefore needs no citation of author-
ities to condemn it.  (5) The fourth instruction given
for the defendants states the law correctly, as applied
to the uncontroverted facts in this case.   Revised Stat-
utes 1889, sec. 5178; 2 Cobbey on Chattel Mortgages,
*supra*.   The continued possession in the mortgagee
takes the place of the record.   Cobbey on Chattel
Mortgages, *supra*.   *Steel v. Bendham*, 84 N. Y. 634;
*Bank v. Sprague*, 26 N. J. Eq. 13;  *Moser v. Claes*, 23
Mo. App. 420; *Stewart v. Nelson*, 79 Mo. 524.

ELLISON, J.—This action was instituted against
defendant and the sureties on his constable's bond, on
account of his alleged trespass.   The judgment below
was for defendants.

Defendant Flynn was a constable and levied a
writ of attachment against a stock of merchandise
claimed by plaintiffs to be their property and in their
possession.   One Huston was indebted to plaintiffs
who sent their agent and attorney to look after their
claim.   This agent took a chattel mortgage on the
property in question to secure the claim.   The mort-
gage was invalid for the reason that it was not
acknowledged.   The agent, presumably on learning of
the invalidity of the mortgage, went to Houston's
place of business and had him execute a bill of sale for
the merchandise, which was intended as a mortgage,
and in effect, such.   Plaintiffs claim that their agent
took actual, visible and open possession of such prop-
erty which was continued until the next day at about
noon when defendant seized it under his writ.   Defend-
ant claims that while there may have been a valid sale
from Huston to plaintiffs, as between themselves, yet
there was no such change of possession as contem-
plated by the statute in order to validate the sale as to
creditors.   There was evidence in the cause tending to

support either party and we are thus left to dispose of the case on the instructions given and refused.

There was evidence tending to show that plaintiffs' debt was *bona fide*, and that they were, through their agent Wells, attempting to secure it and for that purpose had taken a bill of sale from Houston at some time during the afternoon or evening of January 3. That Wells remained in the store during that afternoon and until "bed time." That he took the key and locked the store as he and Huston went to supper. That he then telegraphed to Kansas City for instructions from plaintiffs as to what disposition he should make of the goods, and while awaiting plaintiffs' instructions he returned the key to Huston telling him to come to the store the following morning. That on the following morning, before he had received instructions from plaintiffs, in answer to his telegram of the evening before, he put up a conspicuous sign painted "Smith, Heddens & Co., Kansas City, Missouri," in front of the store. That shortly after doing this he received instructions from plaintiffs to ship the goods to Kansas City; which, as he states, he proceeded to prepare to do. During all of this time Huston was in the store with Wells, plaintiffs' contention being that he was there up to the time of Wells' receiving instructions to ship the goods, merely as their agent; that he was there, after such instructions, merely to assist in packing the goods for shipment. At any rate he was either in the store with Wells or immediately in front on the outside at 11 A. M., when the defendant constable arrived with his writ of attachment.

With this evidence in plaintiff's behalf, the court gave for defendant an instruction which directed the jury (in effect, as a matter of law) that they could not find for the plaintiffs, even though they had taken actual possession under their mortgage prior to the

attachment, if they had again placed the property in the possession of Huston as their agent and he was so in possession at the time of the levy.    This was error. *The Tennent Shoe Co. v. Reedy*, 53 Mo. App. 196; *Claflin v. Rosenberg*, 42 Mo. 439; *Pollard v. Farwell*, 48 Mo. App. 42.    The instruction must be viewed and applied in the light of the evidence bearing upon the case, and its correctness judged from that standpoint.    To uphold it we would have to declare, as a matter of law, that a *bona fide* creditor who has an unacknowledged or unrecorded mortgage on his debtor's personal property and takes actual possession thereunder and puts up his sign conspicuously in front so as to be observed by all who pass by, and who himself takes up quarters in the store building cannot then, under such circumstances and surroundings, place the possession in the mortgagor as his agent, he, the creditor, remaining in the building observed and known to all, including defendant, who came about the building.

These facts, if believed to be facts by the jury, instead of preventing, would compel them to find for the plaintiffs.    For, if the law has in all other respects been complied with, in the first instance, as the instruction seems to assume, then, *under the circumstances and conditions stated*, the placing possession in the mortgagor as agent did not invalidate that which was before valid.

The second instruction given for defendant in regard to the necessity of possession and the kind of possession plaintiffs should have had, in order to hold the goods against other creditors, is abstractly correct; yet, in fairness, in order that the jury might not be confused, what was meant by exclusive possession and joint possession should have been explained, either in this or some other instruction.    Perhaps plaintiffs

should have seen to this. The jury should be informed that the law being otherwise fully complied with, it did not make plaintiffs' possession any the less exclusive or any the less sole, merely because Huston remained in the building as agent for plaintiffs with Wells, or that he merely remained in the building to assist Wells in packing the goods for shipment to Kansas City.

In defendants' third instruction the words, "to notify the public," should be made to read, "would notify the public;" for the entire transaction was so recent that it might not yet have notified the public, and yet would do so as the business was conducted or the property handled under the new *regime*. It was also improper to direct the jury to omit from consideration, in passing on the question of possession, the fact that plaintiffs had taken a mortgage or bill of sale. For while the bill of sale was invalid against creditors by reason of not being acknowledged, yet it had a tendency, as explanatory of plaintiffs' acts as connected with the question of possession.

From what we have said of instruction number 4, given for defendant, it follows that instruction number 5, refused for plaintiffs, should have been given. It may be well to remark, to the end that the jury may not be confused, that it would be proper in using the word "possession" in this and other instructions which may be given on retrial, to add or insert the words, "as explained in other instructions." While the refusal of plaintiffs' instruction number 6, would not be reversible error, yet, under the facts in this case, it would, perhaps, be fair and proper to inform the jury that plaintiffs had a right to accept of a preference at the hands of Huston to the exclusion of other creditors. The instruction, however, should include the hypothesis of plaintiffs' not only taking,

but retaining possession. We have observed no further objection to the direction of the trial.

The objection to the instruction given at the court's own motion is not justly subject to the criticism offered.

The judgment will be reversed, and cause remanded. All concur.