THE STATE OF MISSOURI *ex rel.* SMITH, HEDDINGS & COMPANY, Appellants, v. JAS. B. FLYNN *et al.*, Respondents.

### Kansas City Court of Appeals, May 4, 1896.

1. **Appellate Practice:** MODIFIED INSTRUCTION: EXCEPTION: SECOND APPEAL. Complaint that the trial court modified a certain instruction is not reviewed on this appeal since no exception was saved and the modified instruction was the same as on the former appeal.

2. **Fraudulent Conveyances:** CHANGE OF POSSESSION: INSTRUCTION. Change of possession of a stock of goods must be open, visible, and actual, and an instruction set out in the opinion was properly refused.

3. **Evidence:** IMPLIED ADMISSION: INSTRUCTION. Statements made to and in the presence of a party calling naturally and properly for a reply from men similarly situated and acquiesced in by silence are admissible in evidence; and an instruction that such statements should be disregarded unless uttered in the presence of the party to be affected thereby and not denied or questioned, is proper.

4. **Witnesses:** FRAUDULENT CONVEYANCES: EVIDENCE OF ADMISSIONS: DECEASED PARTY. H. being indebted sold his stock of goods to S. his creditor who claims to have gone into possession. The constable levied on the goods. S. sued the constable on his bond for damages for taking the goods. *Held*, the declarations of the constable and others to H. in the presence of S. as to H's possession, which were undenied and unquestioned by H., are admissible though H. be dead, since he was not a party to the contract or cause of action in issue.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*John Cosgrove* for appellants.

(1) The trial court erred in adding to instruction number 4 prayed by appellants, the words "unless such statements were made in the presence of plaintiff's agent, and were not denied or called in question by such agent." A party dealing with an agent must find out the extent of the agent's authority. Mechem on Agency, sec. 288; *Chaffee v. Stubbs,* 37 La. 656; *Savings Fund Society v. Bank,* 36 Pa. St. 498, 78 Am. Dec. 390. Wells by his silence could not do more than he was authorized to do by action or words. Hence the evidence of Vanstone and Flynn of the alleged declarations of Huston, were incompetent, and the admission of such evidence was prejudicial to the appellants' rights. His mere silence could not destroy appellants' ownership or interest in the property. Mechem on Agency, sec. 813; *Roberts v. Nelson,* 22 Mo. App. 28; *Willard v. Gas Fixture Co.,* 47 Mo. App. 1. (2) The trial court erred, and its judgment should be reversed, in allowing the conversation between Huston and the defendant Flynn to be given in evidence to the jury. The statements were mere hearsay and not admissible against appellants. *Ender v. Richards,* 33 Mo. 598; *Steward v. Thomas,* 35 Mo. 202; *Weinrich v. Porter,* 47 Mo. 293; *Boyd v. Jones,* 60 Mo. 454. (3) The court erred in refusing to give instruction number 7 prayed by appellant. The court should have told the jury what constituted possession of personal property. No definition of the term was given to the jury, although the court in other instructions referred to the

definition of possession "as defined in other instructions." Besides, the instruction asserted a correct proposition of law. *State ex rel. v. Flynn,* 56 Mo. App. 236; *Claflin v. Rosenberg,* 42 Mo. 439; *Shoe Co. v. Rudy,* 53 Mo. App. 196. Instructions 8, 9, and 10 prayed by appellants should have been given. (4) The alleged declarations of J. B. Huston to the defendant Flynn, and Mr. Vanstone, the plaintiff, in the attachment suit, were the main facts upon which the defense in this case was based. Mr. Huston at the time the witness testified, was dead, and both of these parties, namely, Flynn and Vanstone, rested their defense almost exclusively on statements alleged by them to have been made by Huston at the time or just prior to the making of the levy. I contend that these parties were not competent to give in evidence these declarations alleged to have been made by Huston. This conversation between these witnesses and Huston would not be detailed in evidence within the meaning of section 8918, Revised Statutes, 1889. These alleged declarations should have been excluded by the trial court. *O'Bryan v. Allen,* 108 Mo. 227; *Leeper v. Taylor,* 111 Mo. 312; *Scott v. Riley,* 49 Mo. App. 251.

*Leslie Orear* and *Draffen & Williams* for respondent.

(1) This case was tried exactly on the lines prescribed by this court when it was here at a former appeal. The instructions were given by the trial court in the language suggested by this court, and this court's rulings therefore, constitute the law of the case. *Senate v. Railroad,* 57 Mo. App. 223; *Nelson v. Wallace,* Ibid. 397; *Dowling v. Allee,* 102 Mo. 213; *State ex rel. v. Flynn,* 56 Mo. App. 236. (2) Appellants' criticisms of the amendment made by the court to his

instruction 4, are not warranted by the law. The amendment was proper and stated the law. So far as this instruction is concerned, it has been judicially passed upon by this court and in terms approved. Therefore, all of the evidence upon which it was predicated was competent, and the matter is not subject to a second review. *Hazell v. Bank*, 95 Mo. 60–65; *Adams v. Railroad*, 74 Mo. 553; *Robison v. Walton*, 58 Mo. 380; *Bergeman v. Railroad*, 104 Mo. 77, 86, and cases cited; *State ex rel. v. Flynn*, 56 Mo. App. 236–243; *McCulloch v. Ins. Co.* 113 Mo. 606; *Harper v. Morse*, 104 Mo. 317. (3) The statements of Huston to Flynn at the time of making the levy were verbal acts, part of the *res gestae*, explanatory of his possession of the goods in controversy, and such evidence has never been held to be incompetent. It is a significant fact in this case, that Wells never pretended in the presence of Huston that he had any possession of the goods at the time or claimed possession, or even claimed the right of possession. (4) J. B. Huston's estate is not interested in the slightest degree in this suit. Neither was any contract made with him, offered in evidence by the defendant. Therefore section 9818, Revised Statutes, 1889, invoked by appellants for the purpose of excluding this testimony, does not apply to a case like this. The same evidence, however, was given by witness Cunningham who was entirely disinterested.

GILL, J.—This case is here now on a second appeal by the same party. The nature of the controversy will be understood by consulting our former opinion, 56 Mo. App. 236.

After an examination of the several points presented in appellant's brief, we find in none of them

any substantial reason for reversing, the judgment. Most of the matters objected to were settled at the former hearing.

As to the first complaint, that the court erroneously modified plaintiff's fourth instruction by adding the words, "unless such statements were made in the presence of plaintiffs' agent, and were not denied or called in question by such agent," it is sufficient to say that the record shows no exception saved to this action of the court. Plaintiffs' counsel asked the instruction which, in effect, told the jury that if Huston actually delivered possession of the goods to Wells, as agent for plaintiffs, then no statement or representations of said Huston which were made after such possession was changed could affect plaintiff's title, and to this the court added the words above quoted. In this modified form the instruction was given, and that, too, without objection on the part of plaintiffs. They can not therefore now complain of the court's action in that regard. Besides this, the instruction, as modified, is a repetition of that given at the first trial, and which this court approved when the case was here before.

It is further objected that the court erred in refusing the following instruction:

"7. Possession, as used in these instructions, means the surrender of the goods and property mentioned in evidence, by Huston to Smith, Heddens & Company, or their agent, and if you believe that Huston did surrender said goods and property to one Wells, as agent of Smith, Heddens & Company, the title passed out of Huston and vested in said Smith, Heddens & Company, notwithstanding said goods and property were not removed from the building in which they were situated."

The court was right. As applied to a case of this nature, such a definition of *possession* was improper

and would likely mislead the jury. The change of possession here required is that open, notorious, and unequivocal transfer, such as to apprise the community that the title had passed out of Huston into the plaintiffs. *Claflin v. Rosenberg*, 42 Mo. 439. The possession or change of possession, from Huston into the plaintiff was properly defined in other instructions, wherein the jury were told that there should have been "an open, visible, and actual change of possession of said goods from said Huston to the relators, and that the said possession was retained by said relators until said levy was made," etc.

We discover no substantial objections to other instructions given at defendant's request. They are in the main the same as we approved when the case was here before, and seem to properly declare the law applicable to the issues involved. The second instruction is, perhaps, subject to the criticism of giving undue prominence to the fact testified to, that plaintiffs' agent had, when the goods were seized, telegraphed to the sheriff to come and place him in possession; but we do not deem this sufficiently prejudicial to warrant a reversal. And alike harmless, we think, was the testimony of Mrs. Huston, wherein she denied that Wells, plaintiffs' agent, was, as he testified, at her house, at the time of the transfer of the stock of goods, or that he explained to her the nature of the mortgage, or bill of sale. We much doubt the admissibility of such evidence, as it concerned a mere immaterial matter; but think it not of sufficient importance to justify a reversal of the judgment.

I know of no rule of evidence, under the statute or at common law, that would exclude the testimony given by Flynn and Vanstone, as to the declarations made by Huston in the presence of Wells, plaintiffs'

agent, because of the admission that Huston was dead at the date of the trial. According to this testimony, when they (Flynn and Vanstone) went to levy on the goods, Huston stated in Wells' presence and hearing that he (Huston) then had possession of the goods, and they further testified that to this declaration Wells made no reply. This belongs to that class of evidence known as implied admissions—statements made to and in the presence of the party, and calling naturally and properly for a reply from men similarly situated, and being acquiesced in by silence, are to be regarded as admitted. 1 Greenl. Ev., sec. 197; 2 Wharton, Ev., sec. 1136. *Ball v. City of Independence,* 41 Mo. App. 469.

The effective force of such evidence comes from the silent admission by the party in whose presence the statement is made and not from the mere statement. Hence the court properly told the jury that such declarations from Huston should be disregarded, unless uttered in presence of plaintiffs' agent, Wells, and not denied or called in question by such agent.

Flynn and Vanstone were not disqualified from testifying as to such statements and tacit admissions, because of Huston's death. Huston was not, within the meaning of the statute (section 8918, Revised Statutes, 1889) "one of the original parties to the contract, or cause of action in issue." Flynn and Vanstone were competent witnesses under the common law, and it has been repeatedly held that said statute was an enabling and not a disabling statute. The effect of the provision is that in case where a party might testify in his own behalf at common law, he may still do so, notwithstanding the other party's death; the proposed witness stands, in regard to testifying, precisely as if the statute allowing parties to

testify had not been enacted. Rapalje on Witnesses, sec. 123; *Angell v. Hester*, 64 Mo. 142.

Since we discover no substantial error in the record, the judgment will be affirmed. All concur.